**Stan L. ADAM and Michelle A. Adam, Plaintiffs–Respondents,**

**v.**

**Helen P. LAWHON, Defendant–Appellant.**

**No. 15750.**

Missouri Court of Appeals, Southern District, Division One.

Jan. 11, 1989.

followed following the answers of the garnishee to interrogatories propounded to it have been made have not been completed. *See* §§ 525.140 to 525.310, RSMo 1986. Since there is no final disposition of the case, any attempt to appeal is premature.

THE APPEAL IS DISMISSED.

HOLSTEIN, C.J., and CROW, P.J., concur.

Bob J. Keeter, Springfield, for plaintiffs-respondents.

Evelyn A. Gwin, Springfield, for defendant-appellant.

GREENE, Judge.

Defendant, Helen P. Lawhon, attempts to appeal from a trial court order overruling her motion to quash an order of garnishment, which order sought to garnish a checking account in Boatmen's National Bank of Springfield, Missouri, in which checking account Helen Lawhon had a joint interest.

The purpose of the garnishment was to enable plaintiffs, Stan L. Adam and Michelle A. Adam, to recover the unpaid portion of a money judgment previously entered in their favor and against Helen Lawhon, and to recover unpaid court costs that had been assessed against the defendant.

While a trial court order quashing a garnishment amounts to a final judgment from which appeal will lie, *Landmark Bank of Ladue v. General Grocer Co.*, 680 S.W.2d 949, 955 (Mo.App.1984), an order overruling a motion to quash a garnishment is not, *Household Finance Corp. v. Seigel–Robert Plating Co.*, 483 S.W.2d 415, 416 (Mo.App.1972).

The trial court order overruling the motion to quash does not constitute a final disposition of the case, *ORF v. Computer Institute, Inc.*, 480 S.W.2d 73, 74 (Mo.App. 1972), as the statutory steps that are to be