DIVISION OF EMPLOYMENT SECURITY, STATE of MISSOURI, Plaintiff/Respondent,

v.

Patricia CUSUMANO, Defendant/Appellant.

No. 56531.

Missouri Court of Appeals, Eastern District, Division Four.

March 6, 1990.

Christine A. Gilsinan, Devereaux, Stokes, Kennedy & Nolan, P.C., St. Louis, for defendant/appellant.

Larry R. Ruhmann, St. Louis, for plaintiff/respondent.

HAMILTON, Presiding Judge.

Appellant, Patricia Cusumano (hereinafter Cusumano), appeals the order of the Circuit Court of the City of St. Louis, entered on March 29, 1989, overruling her petition to quash garnishment of her wages. We dismiss the appeal.

The Division of Employment Security, State of Missouri (hereinafter Division), pursuant to Sections 288.380.11 and 288.-160 RSMo (1986),[1] computed and determined the amount of contributions, interest, and penalties due from O–K Restaurants, Inc. (hereinafter Corporation). Pursuant to Section 288.160.1, it notified Cusumano by certified mail of this assessment of tax liability on the basis of her alleged affiliation, as an officer, with the defunct Corporation. The Division mailed this notice of assessment to 4131 Flora Place, St. Louis, Missouri 63110, the last known mailing address of Cusumano. On December 18, 1984, the return receipt for this notification was delivered to the Division by the Postal Service bearing the signature of Marie Cusumano, mother of Patricia Cusumano. Cusumano failed to file a petition for reassessment within the thirty days permitted under Section 288.160.4. Thus, the assessment became final upon the expiration of that period.

On February 8, 1985, the Division filed with the Clerk of the Circuit Court, City of St. Louis, a certificate specifying the amount of contributions, interest, and penalties due under the assessment. This certificate has the force and effect of a circuit court judgment. § 288.160.5(4).

Four years later, on January 10, 1989, the Division filed a request for execution in St. Louis Circuit Court. On January 24, 1989, the Circuit Clerk issued a writ of execution against the Corporation and those doing business as the Corporation,

---

1. All statutory references are to RSMo (1986) unless otherwise noted.

including Cusumano. On February 1, 1989, a Summons to Garnish was served on Cusumano's employer, Monsanto Company (hereinafter Monsanto), the garnishee. Interrogatories were served with the Summons to Garnish pursuant to Section 525.-130 and Rule 90.13(a).

On February 22, 1989, Cusumano moved to quash execution of the garnishment. Following the filing of an amended motion to quash garnishment, the trial court held an evidentiary hearing on the amended motion on March 8, 1989, at which Cusumano testified. On March 29, 1989, the trial court denied the motion. Cusumano thereafter appealed. On April 29, 1989, after Cusumano had filed her notice of appeal, Monsanto filed its answers to interrogatories stating that, subject to the order of the Circuit Court, it was holding $4,028.49 of Cusumano's monies.

Garnishment is a proceeding in rem that brings within the jurisdiction and power of the trial court a debt or chose in action and impresses it with the lien of the judgment in aid of execution. *Mayer v. Clifford*, 713 S.W.2d 55, 57 (Mo.App.1986); *Blanton v. United States Fidelity and Guaranty Co.*, 680 S.W.2d 206, 208 (Mo. App.1984). It is strictly a statutory action. Only after the final judgment is entered in a garnishment action does an appeal lie. *Household Finance Corp. v. Siegel–Robert Plating Co.*, 483 S.W.2d 415, 417 (Mo. App.1972). While a trial court's order quashing a garnishment amounts to a final judgment from which an appeal will lie, an order overruling or denying a motion to quash a garnishment is not a final judgment. *Adam v. Lawhon*, 763 S.W.2d 380, 381 (Mo.App.1989). Overruling a motion to quash fails to constitute final disposition of the case because further statutory steps must be completed before final judgment may be entered. *Id.* The summoning of, the propounding of interrogatories to, and the filing of answers thereto by the garnishee are merely steps preliminary to the joining of issues between plaintiff and garnishee. *Landmark Bank of Ladue v. General Grocer Co.*, 680 S.W.2d 949, 953 (Mo.App.1984). Where, as here, the case has proceeded only to the filing of answers to interrogatories by the garnishee, no final disposition has occurred and appeal is premature.

Cusumano cites three cases, *In re Marriage of Haggard v. Haggard*, 585 S.W.2d 480 (Mo. banc 1979), *Thummel v. Thummel*, 609 S.W.2d 175 (Mo.App.1980), and the consolidated appeal in *Division of Employment Security v. Smith* and *Division of Employment Security v. Brown*, 615 S.W.2d 66 (Mo. banc 1981), to support her contention that the trial court's order denying her Motion to Quash Garnishment is properly appealed. In each of these cases, however, the trial court, prior to the filing of a motion to quash, had obtained jurisdiction over the property sought to be garnished by plaintiff. In *Haggard*, 585 S.W.2d at 480–81, former husband's automobile was seized under a writ of garnishment issued to enforce execution to satisfy delinquent maintenance payments due former wife. Prior to filing a motion to quash, former husband deposited $7615.28 with the clerk of the circuit court to be held in lieu of sale of the automobile. In *Thummel*, 609 S.W.2d at 177, 179, former wife garnished a bank account of former husband. The garnishee's bank answered and paid into court $15,798. Prior to appeal, former husband's motion to quash was overruled and the funds garnished were ordered paid to former wife. Similarly, in *Brown*, 615 S.W.2d at 68, prior to appeal, a motion to quash a writ of sequestration was overruled and an order to pay out was issued by the trial court on the same date.[2]

---

**2.** In *Smith,* 615 S.W.2d at 68, a motion to quash a garnishment was overruled, and the trial court issued an order for the garnishee to pay the amount due. The opinion fails clearly to indicate whether the property garnished was paid into the court and a pay out order issued. Failure by the trial court in *Smith* to obtain jurisdiction over the property garnished would support Cusumano's assertion that the Supreme Court entertained appeal of a trial court's denial of a motion to quash garnishment. In view of the abbreviated factual recitation in the *Smith* opinion and the considerable legal precedent to the contrary, however, we remain unpersuaded by Cusumano's argument that denial of a motion to quash a garnishment, where the property

Thus, in each case, the garnishee was discharged from further liability to plaintiff by payment into court of the property garnished, in effect, confessing judgment. In the case at bar, however, the trial court has not obtained jurisdiction over the monies held by Monsanto. Until Monsanto discharges itself by payment of garnished property into the court registry or until the trial court shall enter judgment against Monsanto, no appeal lies in this Court.

Appeal dismissed.

CARL R. GAERTNER and STEPHAN, JJ., concur.

garnished has not been deposited with the court,

is a final, appealable order.