In re the Marriage of

**John Dale PERKINSON, Respondent/Appellant,**

v.

**Joan Thiele PERKINSON, Petitioner/Respondent.**

**No. 62756.**

Missouri Court of Appeals, Eastern District, Division One.

July 6, 1993.

Allan H. Zerman, Cary J. Mogerman, Zerman & Mogerman, Clayton, for appellant.

Douglas R. Beach, Beach, Burcke, Mooney, Lake & Helfers, P.C., St. Louis, for respondent.

AHRENS, Presiding Judge.

Husband appeals from the denial of his motion to quash the execution of a garnishment issued against him for failure to pay maintenance to wife. We dismiss the appeal.

The parties' marriage was dissolved by decree on July 28, 1981. The decree provided that maintenance was to be "Per Separation Agreement, by contract between the parties." Pursuant to the separation agreement, husband was to pay wife $75,000.00 in yearly maintenance, payable in equal monthly installments of $6,250.00.[1] The agreement further provided that payments to wife "shall be by contract between the parties and not subject to modification." In the decree, the trial court found the separation agreement "not unconscionable" but did not incorporate the agreement into the decree. The decree specifically indicated the agreement had been "withdrawn by agreement of the parties."

On June 3, 1992, wife filed a request to issue garnishment and interrogatories to the garnishee, Mercantile Bank, asserting husband had failed to pay maintenance of $12,500.00 plus interest as ordered by the dissolution decree. The garnishment was issued June 8, 1992. Mercantile filed its answer to interrogatories on July 15, 1992, stating that on the date of service of the garnishment, husband held checking and savings accounts at Mercantile with balances of $80.00, $1,440.34, and $165.86. Husband filed a motion to quash the garnishment on July 15, 1992. On July 20, 1992, the trial court issued an order directing Mercantile to pay $1686.20 into the registry of the court within ten days. On September 24, 1992, the trial court denied husband's motion to quash after consideration of both parties' legal memoranda. Thereafter, husband filed his notice of appeal to this court.[2] Nothing in the record indicates the property garnished was ever paid into the court registry.

On appeal, husband argues the trial court erred in denying his motion to quash the garnishment, because there was no valid judgment upon which the garnishment could issue. Specifically, husband argues his maintenance obligation to wife was based only upon contract and, as such, is enforceable only by an action thereon. We do not determine the merits of husband's argument, because the order from which husband appeals is not a final judgment from which an appeal to this court lies.

Garnishment is a proceeding in rem that brings a debt or chose in action within the jurisdiction of the trial court and impresses it with the lien of the judgment in aid of execution. *Division of Employment Sec. v. Cusumano*, 785 S.W.2d 310, 312 (Mo.App.1990). In a garnishment action, an appeal lies only from a final judgment. *Id.* Although a trial court's order quashing a garnishment is a final, appealable judgment, an order overruling a motion to quash a garnishment is not, where the property garnished has not been deposited with the court. *Id.* at 312–13.

Here, the trial court never obtained jurisdiction over the monies held by Mercantile.

---

1. A copy of the agreement was submitted as an exhibit to the parties' legal memoranda on husband's motion to quash. However, the agreement did not appear in the trial court's file before that time, since the parties had agreed to withdraw it.

2. Husband asks us to consider this appeal in conjunction with a separate appeal concerning the denial of husband's motion to dismiss wife's motion for contempt. However, the appeal in the contempt matter was dismissed on January 20, 1993, for lack of a final appealable order. Accordingly, we do not consider the issues raised in that case.

Until Mercantile is discharged from further liability to wife by payment of the garnished property into the court registry or the trial court enters judgment against Mercantile, no appeal lies in this court.

Appeal dismissed.

REINHARD and CRIST, JJ., concur.