**Nancy Jean ANTONACCI, Petitioner/Respondent,**

v.

**Joseph Gerard ANTONACCI, Respondent/Appellant.**

No. 65499.

Missouri Court of Appeals, Eastern District, Division Four.

Feb. 14, 1995.

Christopher Karlen, Edward K. Fehlig, Ziercher & Hocker, P.C., St. Louis, for appellant.

Richard J. Burke, Jr., Padberg, McSweeney, Slater & Merz, St. Louis, for respondent.

AHRENS, Presiding Judge.

Joseph Antonacci, father, appeals the denial of his motion to modify custody and the grant of a cross-motion to increase child support filed by mother, Nancy Antonacci. Father further asserts that the trial court erred in not granting his motion to quash a garnishment and also erred in awarding mother attorney's fees as beyond the court's jurisdiction. We dismiss one point on appeal, affirm in part and reverse in part.

The judgments of the trial court regarding child custody and support are supported by substantial evidence and are not against the weight of the evidence. Rule 73.01; *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). We affirm. No jurisprudential purpose would be served by a written opinion on these issues. The parties have been furnished with a memorandum opinion for their information only on these points. Rule 84.16(b).

The facts significant to the remaining points to be discussed are as follows: father and mother were divorced on August 13, 1992. The parties agreed to joint legal custody and set out a schedule for shared physical custody of the parties two minor children, Tom and Jessica. Father would have temporary physical custody on alternate weekends and on other designated days. The settlement agreement required father to pay mother child support of $580.00 per month, ($290.00 per month per child). Father's support obligation would abate during the 12 weeks of summer vacation when he has custody of the children fifty percent of the time.

On November 1, 1992, Tom began living with father on weekdays after Tom developed behavioral problems and desired to live with father. After November 1, father discontinued payment of child support. On March 23, 1993, father filed his motion to modify for primary physical custody of Tom and for a retroactive order stating that neither party shall pay for child support. Subsequently, mother filed a cross-motion to modify requesting an increase in child support and attorney's fees. In September, mother filed a garnishment for $2,900.00, which represented ten months of child support owed by father for Jessica. Father filed a motion to quash the garnishment and for the return of monies garnished. No order was entered by the court for payment of monies garnished.

After the trial, the court issued an order on November 23, 1993, denying father's motion to modify and sustaining mother's cross-motion. The court did not issue findings of fact and conclusions of law at that time. In addition, the trial court did not rule on the motion to quash the garnishment, nor did the court award attorney's fees to mother.

Father filed a motion to amend the judgment or for a new trial on December 7, 1993, which was heard on January 10, 1994. On January 19, 1994, the trial court overruled father's motion to amend and for new trial. On that same day, the court issued findings of fact and conclusions of law and a new order adding attorney's fees.[1]

On appeal, father asserts that the trial court "erred in not granting [his] motion for return of monies garnished by petitioner for claimed back child support for the period of November 1, 1992 through September, 1993 because during this time each of the parties had one of their two children in his/her primary physical custody and, therefore, neither should owe the other any child support for this period." In addition, father claims that the trial court ignored the abatement of the support obligation during the summer vacation.

Garnishment is a proceeding in rem that brings within the jurisdiction and power of the trial court a debt or chose in action and impresses it with the lien of the judgment in aid of execution. *Division of Employment Security v. Cusumano*, 785 S.W.2d 310, 312 (Mo.App.1990). It is strictly a statutory action. Only after the final judgment is entered in a garnishment action does an appeal lie. *Id.* While a trial court's order quashing a garnishment amounts to a final judgment from which an appeal will lie, an order overruling or denying a motion to quash a garnishment is not a final judgment. *Id.* In addition, a final judgment in a garnishment case is the order directing the court clerk to pay out the garnished funds or property to the judgment creditor. *Hill, Lehnen & Driskill v. Barter Systems, Inc.*, 707 S.W.2d 484, 486 (Mo.App.1986). The order directing the garnishee to pay or deliver the garnished funds or property to the court is interlocutory. *Id.*

Both parties admit that the trial court made no ruling on the motion to quash the garnishment. Without an order either to quash the garnishment or to pay out the funds, there is no final judgment as to the garnishment, and we therefore dismiss this point on appeal. We note, however, that the entire appeal need not be dismissed as the garnishment for failure to pay back child

---

1. The trial court adopted wife's proposed findings of fact and conclusions of law. It should be noted that the first order issued on November 23 adopts the language of wife's proposed order except for the attorney's fees. Then in its January 19th order, the trial court adds the language regarding attorney's fees adopted from the wife's proposed order.

support arose out of the original decree of dissolution and stands as a separate action from the modification.

■ Finally, we address father's contention that the trial court was without jurisdiction to award attorney's fees to mother in the final judgment of January 19, 1994. The judgment of November 23, 1993 did not award attorney's fees to mother. Only father filed a post-trial motion to amend the judgment or for a new trial, which made no mention of attorney's fees. Father points out that mother did not challenge the November 23, 1993 judgment with respect to the court's failure to award her attorney's fees. Father asserts that under Rule 75.01, the trial court lost jurisdiction of the case 30 days after its November 23, 1993 judgment, except for matters that were raised by father in his new trial motion. We agree.

Rule 75.01 states, in relevant part:

The trial court retains control over judgments during the thirty-day period after entry of judgment, and may, after giving the parties an opportunity to be heard and for good cause, vacate, reopen, correct, amend, or modify its judgment within that time. Not later than thirty days after entry of judgment the court of its own initiative may order a new trial for any reason for which it might have granted a new trial on motion of a party, and every order granting a new trial shall specify the grounds therefor. After the filing of notice of appeal and before the filing of the record on appeal in the appellate court, the trial court, after the expiration of such thirty-day period, may still vacate, amend or modify its judgment upon stipulation of the parties accompanied by a withdrawal of the appeal.

In *L.J.S. v. V.H.S.*, 514 S.W.2d 1 (Mo.App. 1974), a dissolution case, the court faced a similar situation as presented here. In that case, the trial court entered judgment on March 5, 1973, granting dissolution, awarding child custody to the mother with child support of $700.00 per month, and awarding attorney's fees of $250.00. The father filed a motion for new trial on March 19 focusing on the excessiveness of the support award. On April 24, 1973, the trial court, on its own motion, amended the judgment by awarding the mother $10,000 alimony in gross and attorney's fees of $750.00. The father's claim of error on appeal was that the trial court exceeded its jurisdiction by amending the original judgment. The court agreed, relying on a case by this court, *Wiseman v. Lehmann*, 464 S.W.2d 539, 543 (Mo.App. 1971):

The power of a court to correct, amend, vacate, reopen or modify a judgment upon its own motion (and for good cause) is limited to thirty days after entry of the judgment. *After that thirty-day period the court's jurisdiction is limited to granting relief sought by one of the parties in its after trial motions for reasons stated in that motion.* (Emphasis in original; citations omitted.)

The mother in *L.J.S.* did not file a post-trial motion and the father's motion did not seek additional awards against him. That court held that the relief granted on April 24, 1973 was void because it was not requested in the father's post-trial motion. *See also Loomstein v. Medicare Pharmacies, Inc.*, 750 S.W.2d 106, 108–09 (Mo.App.1988); *State ex rel. Chemical Dynamics, Inc. v. Luten*, 581 S.W.2d 921, 923 (Mo.App.1979). In the case before us, father's post-trial-motion asserted that the judgment denying his motion and granting mother's motion was against the weight of the evidence, requested findings of fact and conclusions of law, and asked the court to rule on the motion to quash the garnishment. There is no mention of attorney's fees in father's motion. Therefore, the portion of the January 19, 1994 judgment regarding attorney's fees exceeded the court's jurisdiction and is void. We reverse the portion of the January 19, 1994 judgment pertaining to attorney's fees, and we affirm that judgment in all other respects.

The judgments of the trial court regarding child custody and support are affirmed. The point on appeal regarding the garnishment is dismissed. The judgment for attorney's fees is reversed.

SIMON and KAROHL, JJ., concur.