**In re the MARRIAGE OF Sharon Louise FORD and Gerald Dee Ford.**

**Sharon Louise Ford, Respondent,**

v.

**Gerald Dee Ford, Appellant.**

**No. 22608.**

Missouri Court of Appeals,
Southern District.
Division One.

May 12, 1999.

1. Plaintiff's request for sanctions pursuant to Rule 84.19 is denied.

Amy L. Boxx, Randall, Boxx & Associates, P.C., Monett, for appellant.

Carr L. Woods, Monett, for respondent.

CROW, Judge.

This is a dispute about child support. As shall become apparent *infra*, extracting some of the pertinent data from the abstruse record is a vexing task.

1. For brevity and clarity, this opinion henceforth refers to the parties by their respective

The marriage of Sharon Louise Ford and Gerald Dee Ford was dissolved by a judgment dated January 8, 1997. The judgment awarded Sharon[1] primary physical custody of the parties' two children and ordered Gerald to pay Sharon $535 per month child support.

In May 1997 (some four months after the dissolution), the parties resumed cohabitation and lived together with their children approximately fifteen months. The parties then separated anew.

The genesis of the dispute that produced this appeal is a document denominated "Order of Income Assignment" ostensibly signed by the trial court. The document is dated August 19, 1998; however, it is not stamped filed by the court clerk and there is no entry on the trial court's docket sheet memorializing its filing. Nonetheless, as this court comprehends the parties' briefs, they treat the document as an order duly entered by the trial court. This court shall do likewise. This opinion henceforth refers to the document as the "Income Assignment Order."

The Income Assignment Order contains a finding that Gerald failed to execute an income assignment "as heretofore ordered on the 8th day of January, 1997."

The only document in the record dated January 8, 1997, is the dissolution judgment. This court has searched it and has found no provision ordering Gerald to execute an income assignment. There is, however, a segment of the dissolution judgment providing:

"Upon application by [Sharon] or the Missouri Division of Child Support Enforcement [of] the Department of Social Services, [Gerald's] wages or other income shall be subject to withholding without further notice if he becomes delinquent in child support payments in an amount equal to one month's total sup-

forenames. No disrespect is intended.

port obligation.... Child support payments are ordered made to the Clerk of the Circuit Court of Barry County, Missouri as Trustee for [Sharon]."

The Income Assignment Order declares that the court assigns $535 per month for child support and "such additional amounts as may be necessary to defray arrearages" from the "earnings or other income" of Gerald to "the Circuit Clerk of Barry County" as trustee for Sharon.

This court, upon examining the Income Assignment Order, searched the current Missouri statutes for authority empowering a trial court to issue such an order. Finding none, this court issued its own order directing Gerald to inform this court of the "statute, rule, or case law" authorizing the trial court to issue the Income Assignment Order. This court's order is henceforth referred to as the "Appellate Order." The Appellate Order permitted Sharon to file a response thereto if she chose.

Gerald filed no response to the Appellate Order within the time granted by this court. Neither did Sharon.

Unaided, this court has surmised that the trial court signed the Income Assignment Order in an effort to utilize § 452.350, RSMo Cum.Supp.1997, which establishes a procedure whereby the employer of a child support obligor can be directed to withhold each month from the obligor's earnings an amount equal to one month's child support and transmit such sum to the circuit clerk.[2]

The next event of record in the trial court occurred September 1, 1998. On that date, Gerald filed a "Motion to Quash Enforcement of Involuntary Income Assignment." This opinion henceforth refers to that motion as the "Motion to Quash."

The Motion to Quash pled that Sharon sought a "wage assignment" (inferably, the Income Assignment Order) for "the 15 months during which [Gerald] supported the children in his home." The Motion to Quash asserted Gerald "is entitled to credit for said 15 months[.]"

The trial court held a hearing October 1, 1998, on the Motion to Quash. Both parties appeared in person and with counsel. Both parties testified.

Following the hearing, the trial court calculated that Gerald owed Sharon child support aggregating $8,025 from May 1997 through August 1998, which Gerald did not pay. However, the trial court found that Gerald provided some rent, utilities and food for the children during that period. Consequently, the trial court granted Gerald a "credit" of $3,000, leaving "arrears of $5025."

Gerald brings this appeal from that ruling.

This court, upon examining Gerald's brief, noted that he cited no authority demonstrating that the trial court's ruling is appealable. Accordingly, this court included in the Appellate Order (mentioned earlier) a directive that Gerald supply authority to this court demonstrating that such a ruling is appealable. As reported earlier in this opinion, neither party filed a

---

2. The Income Assignment Order is on a printed form evidently supplied by a legal stationer. An earlier version of § 452.350 in force in 1984 contained a provision authorizing a trial court to enter an assignment of income on behalf of a child support obligor if the obligor failed to execute such an assignment within ten days after being ordered to do so by the court. *See:* § 452.350.1, RSMo Cum. Supp.1984. That provision was removed when § 452.350 was rewritten by S.C.S.H.C.S.H.B. 1479, Laws of Missouri 1986, pp. 1052–76. This court infers that the printed form used by the trial court to enter the Income Assignment Order in the instant case was left over from the era when the 1984 version of § 452.350 was in force, and that the trial court, in using the form, intended to implement the procedure for withholding income from a child support obligor spelled out in § 452.350, RSMo Cum.Supp.1997. The only reference to an income assignment in the 1997 version of § 452.350 is a provision in subsection 3 that a child support obligor may execute a *voluntary* income assignment.

response to the Appellate Order within the designated deadline.

Unaided, this court has endeavored to determine whether such a ruling is appealable.

█ The effect of the Income Assignment Order appears to be analogous to a garnishment, as the Income Assignment Order purports to assign a portion of Gerald's earnings to the circuit clerk as trustee for Sharon.

In *Perkinson v. Perkinson*, 856 S.W.2d 678, 679[2] (Mo.App. E.D.1993), the court explained:

"Garnishment is a proceeding in rem that brings a debt or chose in action within the jurisdiction of the trial court and impresses it with the lien of the judgment in aid of execution. *Division of Employment Sec. v. Cusumano*, 785 S.W.2d 310, 312 (Mo.App.1990). In a garnishment action, an appeal lies only from a final judgment. *Id.* Although a trial court's order quashing a garnishment is a final, appealable judgment, an order overruling a motion to quash a garnishment is not, where the property garnished has not been deposited with the court. *Id.* at 312–13."

In *Perkinson*, an ex-wife, attempting to collect maintenance from her ex-husband, had a garnishment issued against a bank in which he had checking and savings accounts. *Id.* at 679. Nothing in the record indicated that the garnishee paid anything into the court registry. *Id.* The appellate court dismissed the appeal, stating:

"[T]he trial court never obtained jurisdiction over the monies held by [the garnishee]. Until [the garnishee] is discharged from further liability to [the garnishor] by payment of the garnished property into the court registry or the trial court enters judgment against [the garnishee], no appeal lies[.]"

*Id.* at 679–80.

In the instant case, Gerald testified that his employer had "begun taking child support out of [my] check." Sharon testified that two weeks before the hearing, she received $175.19 "from Child Support Enforcement."

This court divines from the above testimony that at the time of the hearing, (a) Gerald's employer had withheld at least $175.19 from Gerald's earnings, (b) Gerald's employer had paid said sum into the registry of the trial court, and (c) the court clerk had disbursed said sum to Sharon. If that supposition be correct, the effect of the Income Assignment Order was essentially the same as if (a) Sharon, or the Division of Child Support Enforcement on her behalf, had caused a garnishment to be issued against Gerald's earnings, (b) the garnishee—Gerald's employer—had paid $175.19 into the registry of the trial court in obedience to the garnishment, and (c) the court clerk had disbursed said sum to Sharon.

Furthermore, it appears that so long as the Income Assignment Order remains in force, Gerald's employer will continue to send a portion of Gerald's earnings to the trial court, which sums will be disbursed by the court clerk to Sharon.

Consequently, this court concludes that the effect of the ruling from which Gerald brings the instant appeal is essentially the same as a trial court's denial of a motion to quash a garnishment after the garnishee pays the garnished funds into the registry of the court. According to *Perkinson*, a denial of a motion to quash a garnishment in such circumstances is appealable. *Id.* at 679–80. Therefore, this court holds the ruling from which Gerald brings the instant appeal is appealable.

█ Having cleared that hurdle, this court reaches Gerald's points relied on. The first reads:

"Having determined that the cohabitation and joint support justified quashing any of the judgment accrued between May, 1997 and August, 1998, the Court erred and misapplied the law in failing

to quash all sums accrued during that period."

Gerald's brief was filed February 11, 1999. The version of Rule 84.04, Missouri Rules of Civil Procedure, in force on that date is the version that took effect January 1, 1999. Paragraph "(d)" of that version sets forth the requirements for a point relied on. It provides, in pertinent part:

"(1) Where the appellate court reviews the decision of a trial court, each point shall:

(A) identify the trial court ruling or action that the appellant challenges;

(B) state concisely the legal reasons for the appellant's claim of reversible error; and

(C) explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error.

The point shall be in substantially the following form: 'The trial court erred in [*identify the challenged ruling or action*], because [*state the legal reasons for the claim of reversible error*], in that [*explain why the legal reasons, in the context of the case, support the claim of reversible error*].'"

Anyone familiar with the prior version of Rule 84.04(d) will recognize that Gerald's first point would have been deficient under that version because the point (1) fails to set forth why the trial court's ruling was erroneous and (2) does not state what was before the trial court that supports the ruling Gerald contends the trial court should have made. *See: J.A.D. v. F.J.D.*, 978 S.W.2d 336, 338[3] (Mo. banc 1998). The point leaves a reader to ponder what "law" the trial court misapplied, and the point surrenders no inkling as to wherein or why the evidence justified "quashing" all child support due from Gerald to Sharon during the post-dissolution cohabitation.

Although the current version of Rule 84.04(d) is not identical to the prior version, the current version requires, *inter alia*, that a point relied on state the legal reasons for the appellant's claim of reversible error and explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error.

Gerald's first point presents the unadorned assertion that the trial court, having determined that the post-dissolution cohabitation justified "quashing" part of the child support due Sharon during such period, erred and misapplied the law "in failing to quash all sums accrued during that period." Contrary to the current version of Rule 84.04(d)(1)(B) and (C), the point states no legal reason for Gerald's claim of reversible error and fails to explain why, in the context of the case, any legal reason supports his claim of reversible error. The point leaves this court wondering what, in Gerald's view, establishes that the trial court should have discharged him from liability for all child support that "accrued between May, 1997 and August, 1998."

Because of those deficiencies, this court included in the Appellate Order (mentioned twice earlier) a directive that Gerald show cause why this court should not find his first point (and also his second point, quoted *infra*) insufficient to present anything for appellate review. As noted earlier, Gerald filed no response to the Appellate Order.

Lacking a response from Gerald, this court holds Gerald's first point presents nothing for review. Nonetheless, as did the Supreme Court of Missouri in *J.A.D.*, 978 S.W.2d at 339, this court has reviewed the record for plain error per Rule 84.13(c). That rule empowers an appellate court, in its discretion, to grant relief from unpreserved plain errors affecting substantial rights if the court finds that manifest injustice or miscarriage of justice has resulted therefrom.

■ Having considered the entire record in this case, this court, viewing the evidence favorably to the trial court's decision, *T.B.G. v. C.A.G.*, 772 S.W.2d 653,

654[2] (Mo. banc 1989), finds no manifest injustice or miscarriage of justice in the trial court's determination that Gerald was entitled to a credit of only $3,000 against the $8,025 child support due Sharon during the post-dissolution cohabitation. Accordingly, Gerald's first point warrants no plain error relief.

Gerald's second (and final) point reads:

"The Court erred in its determination that $5,025.00 out of $8,025.00 of the child support arrearage should be enforced as there was no substantial evidence to support such a determination, and the same is against the weight of the evidence."

Gerald's second point, like his first, would have been deficient under the prior version of Rule 84.04(d) in that the point fails to set forth wherein or why the evidence was insufficient to support the trial court's decision and divulges no clue as to wherein or why the trial court's decision was against the weight of the evidence. *See: In re Marriage of Edwards,* 983 S.W.2d 615, 616–17 (Mo.App. S.D.1999).

Gerald's second point is also deficient under the current version of Rule 84.04(d)(1)(C) in that the point provides no explanation of why, in the context of the case, the trial court's ruling was unsupported by substantial evidence or against the weight of the evidence.

Despite the deficiency, this court considered whether there was any manifest injustice or miscarriage of justice in the trial court's decision that Gerald should pay Sharon $5,025 out of the $8,025 child support that accrued during the post-dissolution cohabitation. This court found none.

Affirmed.

PREWITT, P.J., and PARRISH, J., concur.