Thomas OSMUN, Appellant,

v.

Cynthia OSMUN, Respondent.

No. ED 84470.

Missouri Court of Appeals,
Eastern District,
Division Five.

Oct. 26, 2004.

Louis B. Eckelkamp III, Washington, MO, for appellant.

Prudence Fink Johnson, Union, MO, for respondent.

GEORGE W. DRAPER III, Chief Judge.

Thomas Osmun (Husband) appeals from an order denying his motion to quash execution of a garnishment issued for his failure to pay a judgment against him in dissolution proceedings with Cynthia Osmun (Wife). We dismiss the appeal.

The parties' marriage was dissolved by a judgment of dissolution entered March 19, 2002. After dividing the marital property, the court entered a judgment against Husband of $250,939.23 to rectify the disparity in the value of property awarded to him. The court provided that this judgment would be a lien against the real estate awarded to Husband. Execution of the judgment was stayed so long as Husband paid Wife $2,091.16 per month until the judgment was paid in full. Husband filed an appeal with this Court and posted a supersedeas bond of $25,000. Husband did not make any payments to Wife while the appeal was pending. The judgment of dissolution was affirmed on appeal. *Osmun v. Osmun*, 125 S.W.3d 326 (Mo.App. E.D.2003). Afterward, Wife obtained the $25,000 bond in partial satisfaction of the judgment against Husband.

Wife then filed two requests for garnishments to obtain the remainder of the judgment. She filed a request for garnishment and interrogatories to the garnishee Thomas M. Osmun, D.M.D., P.C. for "all money & wages" due Husband. This garnishment was issued on March 4, 2004. Although not contained in the record on appeal, apparently Wife filed a second request for garnishment and interrogatories to the garnishee Meramec Valley Bank for "all goods, personal property, money, credit, bonds, bills, notes, checks, choses[chooses] in action or other effects." This garnishment was issued on March 5, 2004. On March 23, 2004, Husband filed a motion to quash the garnishments. On April 1, 2004, the trial court entered an order denying Husband's motion to quash. Thereafter, Husband filed his notice of appeal to this Court.

There are two jurisdictional problems with Husband's appeal. First, the denial of a motion to quash garnishment is not a final, appealable judgment until either there has been a final disposition of the case or where the property garnished is deposited with the court. *Division of Employment Security v. Cusumano*, 785 S.W.2d 310, 312–13 (Mo.App. E.D.1990); *See also, Perkinson v. Perkinson*, 856 S.W.2d 678, 679 (Mo.App. E.D. 1993). There is nothing in the record before us to indicate there has been either a final disposition of the garnishment or that any property garnished has been deposited with the court. Indeed, according to the record filed, the garnishee has not yet filed answers to the interrogatories propounded.

Second, the order denying Husband's motion to quash is not denominated a

"judgment" as required by Rule 74.01(a). *Brooks v. Brooks*, 98 S.W.3d 530, 532 (Mo. banc 2003); *Grissum v. Soldi*, 87 S.W.3d 915, 917 (Mo.App. S.D.2002). Therefore, it is not a final, appealable judgment. *City of St. Louis v. Hughes*, 950 S.W.2d 850, 853 (Mo. banc 1997).

In light of these jurisdictional problems, we issued an order directing Husband to show cause why his appeal should not be dismissed. Husband concedes that there is no final, appealable judgment, but asks this Court to allow his appeal to go forward. He asserts that he has meritorious arguments against the issuance of the garnishments and that in the interest of judicial economy, this Court should go ahead and address those arguments. Husband's contentions though seemingly reasonable miss the mark. If this Court is without jurisdiction of the appeal, it cannot address the merits of Husband's appeal. Husband may address the merits of his case when there is a final, appealable judgment. Until then, this Court's only recourse is to dismiss the appeal. *Hughes*, 950 S.W.2d at 853.

The appeal is dismissed for lack of a final, appealable judgment.

LAWRENCE G. CRAHAN, J., and GLENN A. NORTON, J., concur.