

# In the Missouri Court of Appeals
## Eastern District

### DIVISION THREE

| | |
|---|---|
| JOHN OLSEN, et al., | ) |
| | ) ED102311 |
| Respondents, | ) |
| | ) |
| v. | ) Appeal from the Circuit Court |
| | ) of St. Louis County |
| GLOBAL BIZ DIMENSIONS, LLC, | ) 08SL-CC00248-01 |
| | ) |
| and | ) Honorable Steven H. Goldman |
| | ) |
| AMERICAN FAMILY MUTUAL | ) |
| INSURANCE COMPANY, | ) Filed: June 9, 2015 |
| | ) |
| Appellant. | ) |

### Introduction

American Family Mutual Insurance Company (American Family) appeals the trial court's denial of its motion to quash a garnishment filed by John Olsen on behalf of the class he represents (Garnishors). Because such a denial is not a final, appealable order, we lack authority to decide this appeal and must dismiss.

### Background

This is the second appeal of a garnishment action between these parties. This case originated with a settlement between Garnishors and Global Biz Dimensions, LLC (Global Biz), which is not party to this appeal. On May 26, 2009, the trial court entered

an order finding the settlement reasonable and entering judgment in favor of Garnishors and against Global Biz in the amount of $4,917,500.00 (Underlying Judgment). The Underlying Judgment required, as per terms of the settlement, that it would be satisfied only from the insurance proceeds from Global Biz's insurer, American Family.

Subsequently, on July 15, 2009, Garnishors filed a garnishment application (First Garnishment) to collect $4,917,500.00 from American Family in satisfaction of the Underlying Judgment. The First Garnishment attached interrogatories pursuant to Rule 90.[1] American Family timely responded to the interrogatories, but Garnishors failed to timely file exceptions as required by Rule 90. Garnishors dismissed the First Garnishment without prejudice on December 8, 2010.

That same day, Garnishors filed a second garnishment application (Second Garnishment), requesting the same amount from American Family, also attaching interrogatories. On August 24, 2011, the trial court entered judgment in favor of Garnishors in the amount of $4,917,500.00 plus post-judgment interest.

American Family appealed the judgment, and this Court reversed. Olsen v. Siddiqi, 371 S.W.3d 93 (Mo. App. E.D. 2012) (Olsen I). This Court determined that under the applicable insurance policy, there was no coverage for the damages Garnishors sustained, and thus American Family was not required to satisfy the Underlying Judgment. Id. at 98. This Court remanded to the trial court with instructions to enter summary judgment in favor of American Family. Id. The trial court did so on August 22, 2012. The trial court also ordered Garnishors to pay $5,000 to American Family as and for reasonable attorney's fees and costs. American Family filed a notice that this judgment had been satisfied on March 8, 2103.

---

[1] All rule references are to Mo. R. Civ. P. (2014) unless otherwise indicated.

2

On August 13, 2013, the Missouri Supreme Court handed down a decision explicitly abrogating Olsen I and finding that identical insurance policy language did contain coverage for the same type of damages at issue in the Underlying Judgment. Columbia Cas. Co. v. HIAR Holding, LLC, 411 S.W.3d 258, 267-68 (Mo. banc 2013). Garnishors then filed a third garnishment application (Third Garnishment) against American Family on August 18, 2014, again attempting to collect the damages awarded in the Underlying Judgment, plus interest. Garnishors also filed a motion to reopen the Second Garnishment, arguing that a change in law required reconsideration of the Second Garnishment.

In response, American Family filed a motion to quash the Third Garnishment, contemporaneously with its answers to the Third Garnishment's interrogatories. Garnishors filed objections to American Family's answers, and American Family in turn filed exceptions under Rule 90. The parties also filed their respective briefs regarding both American Family's motion to quash the Third Garnishment and Garnishors' motion to reopen the Second Garnishment. On October 24, 2014, the trial court issued an order denying both motions. On December 4, 2014, the trial court designated the order as a judgment. American Family now appeals the judgment denying its motion to quash the Third Garnishment.

## Discussion

"A final judgment is a prerequisite to appellate review." Ndegwa v. KSSO, LLC, 371 S.W.3d 798, 801 (Mo. banc 2012). Thus, prior to reaching the merits in any appeal, we must determine, *sua sponte*, whether there is a final judgment. Id. If there is no final judgment, we do not have authority to determine the merits and must dismiss the appeal.

3

Id.; Cooling v. State Department of Social Servs., Family Support Division, 446 S.W.3d 283, 285 (Mo. App. E.D. 2014). Such is the case here.

Here, Garnishors pursued the insurance proceeds from American Family through a traditional garnishment action. See Johnston v. Sweany, 68 S.W.3d 398, 403 (Mo. banc 2002) (collection of insurance proceeds can be accomplished through either equitable garnishment under Section 379.200[2] or traditional garnishment under Section 525.240 and Rule 90). American Family filed timely answers to Garnishors' interrogatories, to which Garnishors filed timely exceptions under Rule 90.07. Rule 90.10(b) provides, "If the garnishor files exceptions to the garnishee's answers to interrogatories . . ., the court or jury *shall determine all controverted issues* raised by garnishor's exceptions to the garnishee's answers to interrogatories [and] the garnishee's response thereto . . . . *The court shall enter judgment* in accordance with the findings of the court or jury . . . ." (emphasis added).

Here, the trial court's judgment does not determine the controverted issues raised by the parties; namely, whether in light of the new Missouri Supreme Court precedent Garnishors may now collect insurance proceeds. As relevant for this appeal, the trial court's judgment consists only of a denial of American Family's motion to quash the Third Garnishment.

"While a trial court's order quashing a garnishment amounts to a final judgment from which an appeal will lie, an order overruling or denying a motion to quash a garnishment is not a final judgment." Div. of Employment Sec., State of Mo. v. Cusumano, 785 S.W.2d 310, 312 (Mo. App. E.D. 1990). It is not a "final disposition of the case because further statutory steps must be completed before final judgment may be

---

[2] All statutory references are to RSMo. (Supp. 2014) unless otherwise indicated.

4

entered. The summoning of, the propounding of interrogatories to, and the filing of answers thereto by the garnishee are merely steps preliminary to the joining of issues between plaintiff and garnishee." Id.

One exception may be where the property garnished has been deposited with the court. See Osmun v. Osmun, 148 S.W.3d 845, 846 (Mo. App. E.D. 2004) (citing Cusumano, 785 S.W.2d at 312-13). However, where the garnishee has not paid into the court registry and there is no judgment yet entered against the garnishee, the trial court does not yet have jurisdiction over the monies held by the garnishee. In re Marriage of Ford, 990 S.W.2d 698, 701 (Mo. App. S.D. 1999) (quoting Perkinson v. Perkinson, 856 S.W.2d 678, 679-80 (Mo. App. E.D. 1993) (dismissing appeal)). Here, there is no evidence in the record that any money or bond has been deposited with the trial court.

American Family cites a number of cases holding that the denial of a motion to quash an execution is an appealable order, and indeed this Court has a "long history" of hearing appeals from denials of motions to quash executions. Callahan v. Cardinal Glennon Children's Hosp., 901 S.W.2d 270, 272 (Mo. App. E.D. 1995). Under Section 512.020, "any special order after final judgment" is an appealable order, and courts have indeed found that the denial of a motion to quash an execution is such a "special order after final judgment." See Mohawk Flush Doors, Inc. v. Kabul Nursing Homes, Inc., 938 S.W.2d 347, 349 (Mo. App. S.D. 1997).

However, appellate courts view the denial of a motion to quash a garnishment differently from the denial of a motion to quash an execution.[3] This Court, in Callahan v.

---

[3] This is undoubtedly because garnishment and execution are different procedures. Under Rule 90.10(b), where the propriety of the garnishment is contested, no transfer of any money or property to the garnishor takes place until the court has considered the controverted issues raised by the parties and made a final determination of those issues. In contrast, an execution "shall automatically issue upon the judgment

5

Cardinal Glennon Children's Hospital, acknowledged several examples of "any special order after final judgment" under Section 512.020, including an order overruling a motion to quash an execution and "a *final judgment* in a garnishment action." 901 S.W.2d at 272 (citing Helton Constr. Co. v. High Point Shopping Ctr., Inc., 838 S.W.2d 87, 91-92 (Mo. App. S.D. 1992)) (emphasis added). As noted above, a final judgment in a garnishment action does not include an order denying a motion to quash a garnishment action. Thus, such an order is not an appealable order under Section 512.020. See Helton at 92 (citing Cusumano, 785 S.W.2d at 312). In fact, Missouri courts' history regarding denials of motions to quash garnishments consists of dismissals for lack of final judgment. E.g., Cusumano, 785 S.W.2d at 313; Adam, 763 S.W.2d at 381; Household Fin. Corp. v. Seigel-Robert Plating Co., 483 S.W.2d 415, 417 (Mo. App. 1972).

Here, American Family appeals the denial of its motion to quash the garnishment. The trial court has not entered a judgment determining the controverted issue of whether garnishment is appropriate in light of the Supreme Court's decision in HIAR, and there is no evidence in the record that any money or bond has been deposited with the trial court. See Cusumano, 785 S.W.2d at 313 (no right to appeal until garnishee pays into the court registry or until trial court enters judgment against garnishee). Additionally, though the trial court designated its denial of the motion to quash as a "judgment" in order to facilitate a direct appeal, the name "judgment" alone does not accomplish finality. Blechle v. Goodyear Tire & Rubber Co., 28 S.W.3d 484 (Mo. App. E.D. 2000). Rather,

---

creditor's application for execution under Rule 76.01" Fielder v. Fielder, 671 S.W.2d 508, 411 (Mo. App. E.D. 1984). When a court denies a motion to quash execution, the execution proceeds. Id. Thus, denial of a motion to quash an execution disposes of the case finally, whereas denial of a motion to quash a garnishment leaves the case open for a final determination of the controverted issues by the trial court.

6

"[i]t is the content, substance, and effect of the order that determines finality and appealability." Id.

Thus, under the circumstances, we do not have authority to decide this appeal. Because the possibility remains that the trial court, after considering the interrogatory responses and exceptions, could enter judgment in either party's favor under Rule 90, we must give the trial court the opportunity to do so.

Conclusion

The appeal is dismissed.

_____
Gary M. Gaertner, Jr., Judge

Kurt S. Odenwald, P.J., concurs.
Robert G. Dowd, Jr., J., concurs.