

# Missouri Court of Appeals

## Southern District

### Division Two

| | | |
|---|---|---|
| WARREN COATS, Trustee, | ) | |
| | ) | |
| Plaintiff-Respondent, | ) | |
| | ) | |
| v. | ) | No. SD36788 |
| | ) | |
| ELVIN LEON MUSTION and | ) | **Filed: March 16, 2021** |
| LORETTA JEAN MUSTION, his | ) | |
| wife, Co-Trustees, | ) | |
| | ) | |
| Defendants-Appellants. | ) | |

### APPEAL FROM THE CIRCUIT COURT OF OREGON COUNTY

Honorable Donna K. Anthony

## AFFIRMED IN PART, REVERSED IN PART, AND REMANDED WITH DIRECTIONS

Elvin Leon Mustion and Loretta Jean Mustion ("Defendants") appeal the portion of the trial court's amended judgment ("the amended judgment") that granted punitive damages to neighboring landowner Warren Coats ("Plaintiff"). In two points, Defendants claim: (1) the trial court was without "jurisdiction" to award Plaintiff punitive damages because neither party's post-trial motions addressed the failure to award such damages; and (2) the award was not supported by clear and convincing evidence. Because, at the time it did so, the trial court had no legal authority to make any amendment not requested by the parties, we must reverse the unauthorized award of punitive damages.

1

## Background

The parties own adjoining real property in Oregon County.  In 2010, Defendants granted Plaintiff an "Easement for Roadway" ("the easement") that allowed Plaintiff to travel over Defendants' property to get to and from his property.

Plaintiff's petition alleged that when he told Defendants in 2012 that he had a buyer ready to purchase his property, Defendants told Plaintiff that they had granted the easement solely for Plaintiff's own use and would not allow anyone else to use it. Defendants then erected a fence across the easement and marked it with "No Trespassing" signs.  Plaintiff claimed that when the fence went up, the sale fell through.

Plaintiff's three-count petition requested the following relief:  1) a permanent injunction that would prevent Defendants from interfering with the existing easement in any way (Count 1); 2) actual and punitive damages in trespass for Defendants' blocking of the easement (Count 2); and 3) actual and punitive damages for the loss of Plaintiff's prospective buyer (Count 3).

After a bench trial, the trial court entered a judgment on January 2, 2020 ("the original judgment"), that found Defendants had trespassed upon Plaintiff's deeded easement by blocking it.  The court granted a permanent injunction and awarded Plaintiff "the costs of enforcing the easement and no more."  The trial court considered those costs to be "$4,447.50, the cost of the surveyor."  The original judgment "denied" Count 3.

On January 7, 2020, Defendants filed a "Motion to Amend, Correct and Modify Judgment" ("Defendants' Motion to Amend").  The motion claimed that the trial court erred in entering judgment for Plaintiff on Count 2 (trespass) because "there exists no

2

statutory authority, nor a contractual agreement, by which Defendants could be assessed Plaintiff's expert witness fees." The motion sought no other relief.

On January 28, 2020, Plaintiff filed a "Motion to Amend Judgment" ("Plaintiff's Motion to Amend"), which claimed the trial court erred in failing to include the legal description of the easement in the original judgment. Plaintiff's Motion to Amend requested no other relief.

On February 10, 2020, the trial court heard arguments on the motions. The parties agreed that the omission of the legal description was erroneous. That left only Defendants' claim that Plaintiff was not entitled to his surveyor's fees as damages. On March 27, 2020, more than 30 days after the entry of the original judgment, the trial court entered the amended judgment. It differed from the original judgment in that it rescinded the award of $4,447.50 in actual damages on Count 2 (trespass) and awarded Plaintiff punitive damages of $4,450 on Count 2.[1]

**Analysis**

Defendants' first point claims the trial court misapplied the law in granting relief that neither party had requested in their respective motions to amend, and it is dispositive. We review an asserted misapplication of law *de novo*. ***Smith v. Great Am. Assur. Co.***, 436 S.W.3d 700, 704 n.3 (Mo. App. S.D. 2014).

> Rule 75.01[2] provides: "The trial court retains control over judgments during the thirty-day period after entry of judgment and may, after giving the parties an opportunity to be heard and for good cause, vacate, reopen, correct, amend, or modify its judgment within that time." The filing of a timely "'authorized after-trial motion' extends a trial court's jurisdiction for up to ninety days after the filing of the motion." *Massman Constr. Co. v. Mo. Highway & Transp. Comm'n*, 914 S.W.2d

---

[1] Plaintiff did not file any post-judgment motion challenging the trial court's failure to award any actual damages on Count 2, and he did not appeal that ruling.
[2] All rule references are to Missouri Court Rules (2020).

801, 802 (Mo. banc 1996) (citing Rule 81.05). *"Once the thirty[-]day period in Rule 75.01 expires, a trial court's authority to grant relief is constrained by and limited to the grounds raised in a timely filed, authorized after-trial motion."* *Id.* at 802-03.

*Heifetz v. Apex Clayton, Inc.*, 554 S.W.3d 389, 393 (Mo. banc 2018) (emphasis added).

*See also Antonacci v. Antonacci*, 892 S.W.2d 365, 368 (Mo. App. E.D. 1995) (holding that a trial court loses "jurisdiction" over a case once 30 days have passed from the entry of judgment, except for matters that are raised in a motion for new trial).

The only claims of trial-court error asserted in the parties' post-trial motions were the failure to include the legal description of the easement and ordering Defendants to pay damages in the amount of Plaintiff's surveyor fees. Neither motion challenged the trial court's denial of punitive damages. As a result, the trial court misapplied the law in awarding Plaintiff relief he had not asked for in his motion to amend.

That portion of the amended judgment that awarded punitive damages is reversed, and the trial court is directed to enter a judgment that awards Plaintiff only the permanent injunction set forth in the amended judgment.[3]

DON E. BURRELL, J. – OPINION AUTHOR

GARY W. LYNCH, J. – CONCURS

MARY W. SHEFFIELD, J. – CONCURS

---

[3] Because Defendants' first point requires us to reverse the punitive damages award, we do not address their alternative argument for reversal.