Jacqueline Dorothy WISEMAN and Jackie L. Wiseman, Plaintiffs-Respondents,

v.

John LEHMANN and Wilma Lehmann, Defendants-Appellants.

No. 33727.

St. Louis Court of Appeals, Missouri.

Feb. 23, 1971.

540

Limbaugh, Limbaugh & Russell Stephen N. Limbaugh, Cape Girardeau, for defendants-appellants.

Jackson, Thomasson, Dickerson & Gilbert, Donald P. Thomasson, and Paul Gilbert, Oliver, Oliver & Jones, John Oliver, Cape Girardeau, for plaintiffs-respondents.

SMITH, Commissioner.

Defendants appeal from a judgment against them in a court-tried case awarding damages for injuries sustained by plaintiff Jacqueline Wiseman, who allegedly ran her automobile off the road attempting to avoid defendants' cow. Plaintiff claims the cow was negligently permitted to run at large in violation of the stock laws of Bollinger County and the State of Missouri. The major problem to be resolved is which of three successive judgments entered by the trial court in the case is the judgment to be reviewed. Defendants have not here urged any error in the trial, nor in the sufficiency of the evidence to support the findings of liability and damages. No review of the evidence is necessary.

The first amended petition in this case was in two counts. Count I pertained solely to Jacqueline Wiseman as plaintiff and sought recovery for her personal injuries sustained in the accident. Count II pertained solely to her husband, Jackie L. Wiseman, and sought recovery for his injuries suffered in the accident as well as his medical expenditures for him and his wife. On the morning of trial plaintiffs amended their petition by interlineation by adding to Count I a claim for property damage to the automobile and the medical expenses of Jacqueline Wiseman. After the amendment had been allowed plaintiffs dismissed Count II—"the husband's claim" —and the court made its order "Count II dismissed." In this posture the trial commenced on November 18, 1969. At the conclusion of the trial the matter was taken under advisement by the court.

On December 5, 1969, the circuit clerk wrote a letter to defendant-husband (who had represented himself at the trial), copy to plaintiffs' attorney, as follows: "This is to inform you that on the 4th day of December, 1969, a Judgment was entered against you and Mrs. Lehmann in the amount of $4,400.00, in connection with the above case." No entry of judgment appears in the record on December 4 or 5.

On December 9, 1969, the following entry was made in the records of the court: "Now on this day the Court having been fully briefed and being fully advised in the premises hereby finds for the plaintiff on Count I for $2,000.00 and on Count II for $1,400.00 against John Lehmann and Wilma Lehmann." No notice to the parties of the entry of this judgment appears in the record.

On December 10, 1969, defendants filed what was entitled a "Notice of Appeal," and was a letter to the Judge requesting an appeal for the "purpose of calling in witnesses: To substantiate the defendants testamony; To call in a witness from the United States Air Force; To produce new testamony; To show that the charges are falsely placed against the defendant." The letter closed with a statement that the "defendant has no objections against being heard by Hon. W. Osler Statler as he is already acquainted with the case. * * *"

The circuit clerk dutifully forwarded this document to this court which returned it as "not a proper Notice of Appeal." On December 19, 1969, defendants filed a proper notice appealing from the "judgment entered in this action on the 9th day of December, 1969." Plaintiff filed no notice of appeal. Transcript was duly ordered and on March 2, 1970, defendants were

## 542

granted additional time to file a transcript by the circuit court.

On March 9, 1970, the following order was entered of record in the trial court:

"Now on this 9th day of March, 1970 the Court finding that perhaps due to its own inadvertence that the Judgment of December 9, 1969 is subject to misunderstanding hereby corrects that order to read as follows, which is the original intention of the Court:

"The Court having been duly advised in the premises hereby finds for the Plaintiff and against both defendants in the amount of $3000.00 (Three Thousand Dollars) on Count I and for $1400 on Count II."

On March 24, 1970, the following order was entered by the trial court:

"Now on this 24th day of March, 1970, the Court hereby corrects the previous Orders entered on December 9, 1969, and March 9, 1970, so that the correct Order reads as follows:

"The Court having been duly advised in the premises hereby finds for the Plaintiffs and against both Defendants in the sum of Four Thousand Four Hundred Dollars ($4,400.00) on Count I."

The record does not contain any motion requesting the orders of March 9 and March 24, and we must conclude they were entered by the court on its own motion.

Not surprisingly, in view of the state of the record, each party has a different position on the validity of the judgments and one or more alternative positions. Defendants claim that all three judgments are void or alternatively, that only that part of the December 9 order relating to Count I is valid. Plaintiff claims validity (1) in the March 24 order or (2) in the March 9 order or (3) in the liability portion of the December 9 judgment (requesting us to determine the damages or remand for that purpose) or (4) in the

December 9 judgment. Because the March orders were entered well beyond the 30 days after entry of judgment during which the trial court has control of its judgments (Supreme Court Rule 75.01 V.A.M.R.) plaintiff seeks to uphold these orders as nunc pro tunc corrections of the December judgment. We examine that contention first.

■ Any entry of judgment carries with it a presumption that it correctly states the judgment actually rendered. Aronberg v. Aronberg, Mo.App., 316 S.W.2d 675 [7]. Such an entry of judgment may be corrected by a nunc pro tunc (now for then) order to correct a clerical mistake in entering such judgment. Aronberg v. Aronberg, supra, [5, 6]. The burden is upon respondent here to show that the judgment actually rendered is different from the judgment entered. City of Ferguson v. Nelson, Mo., 438 S.W.2d 249 [10–13]. In order for a nunc pro tunc correction to be valid it must be supported by some writing in the record which establishes that the judgment entered is not in fact the judgment rendered. City of Ferguson v. Nelson, Mo., 438 S.W.2d 249, [5]; Aronberg v Aronberg, supra [8]. A nunc pro tunc order cannot be employed to correct a judicial error, to change a judgment rendered to reflect the true intention of the court, nor to create a different judgment than that actually rendered. City of Ferguson v. Nelson, supra, [3, 4]; Aronberg v. Aronberg, supra, [5, 6]; Farrell v. DeClue, Mo.App., 365 S.W.2d 68 [2, 3]. Plaintiff points to the December 5 letter of the clerk as the written evidence necessary to establish that the March orders were merely nunc pro tunc corrections of a judgment rendered on December 4 and entered on December 9.

■ The order of March 9, 1970, does not indicate that it was made to correct a clerical error but indicates rather that it was made to reflect the original intention of the court which was, "due to its own inadvertence * * * subject to mis-

understanding. * * *" There was nothing to be misunderstood about the December 9 judgment. The court's order of March 9 on its face demonstrates that it was an attempt to correct a judicial mistake. It reflects the court's intention to render a different judgment than that actually rendered. Such is not the province of a nunc pro tunc order. While it is true that the clerk's letter and the judgment entry are inconsistent, that does not establish that any *clerical* error was made in the entry of December 9, particularly in view of the language of the March 9 order which indicates *judicial* not *clerical* error.

■ The order of March 24 is even more obviously an attempt to change (not correct) the judgment already rendered. Both prior orders had erroneously entered judgment on Count II which had been dismissed and was no longer before the court. The March 24 order attempted to cure this error. This was clearly a judicial error and not subject to correction by a nunc pro tunc order. The evidence here fails to establish that either order was an attempt to correct a *clerical,* as contrasted to a *judicial,* mistake, and there is insufficient evidence to overcome the presumption that the judgment entered on December 9 was in fact the judgment rendered. Nothing in the record demonstrates beyond question that the judgment entry of December 9 was incorrectly made. Aronberg v. Aronberg, *supra,* [10, 11].

■ Plaintiff also seeks to uphold the March 9 order on the basis that defendants' "Notice of Appeal" of December 9 was in fact a motion for new trial. It is then contended that because the court did not rule on such motion within 90 days it retained jurisdiction over the cause and could properly enter the March 9 order amending the prior judgment. Assuming that the letter was in fact a motion for new trial and that the court was not divested of jurisdiction by the notice of appeal or the granting of an extension of time to file a transcript on March 2, the contention is still without merit. The power of a court to correct, amend, vacate, reopen or modify a judgment upon its own motion (and for good cause) is limited to thirty days after entry of the judgment. Supreme Court Rule 75.01, V.A.M.R., Potter v. McLin, 240 Mo.App. 708, 214 S.W.2d 751 [4, 5]. After that thirty-day period the court's jurisdiction is limited to granting relief sought by one of the parties in its after trial motions for reasons stated in that motion. Stein v. McDonald, Mo., 394 S.W.2d 297 [4, 5]; Loveless v. Locke Distributing Co., Mo., 313 S.W.2d 24 [1]. Plaintiff filed no after-trial motions and the most that can be said for defendants' letter is that it sought a new trial. It certainly did not ask the court to increase the amount of the judgment against defendants. The court lacked jurisdiction to make the March 9 or March 24 order and both are void.

Looking at the December 9 judgment, which we find to be the judgment before us for review, it is clear that the award under Count II cannot stand. That count was dismissed before trial and no relief could be granted under it. Bayer v. Associated Underwriters, Inc., Mo.App., 402 S.W.2d 11 [3–5]; Hughes v. Wagner, Mo. App., 303 S.W.2d 181 [2].

■ Having reached this point we are now confronted with a situation where upholding the position of either party results in a manifest injustice to the other. We could simply dispose of plaintiff's request that we uphold the liability portion of the judgment and determine ourselves the damages or remand for that purpose. Plaintiff did not appeal from the December 9 judgment and is therefore not entitled to seek such relief. But such holding would only add teeth to the trap into which plaintiff was unintentionally placed by the clerk's letter of December 5. Supreme Court Rule 74.78, V.A.M.R., provides that upon entry of an order or judgment the circuit clerk shall notify the parties of such entry.

The December 5 letter was obviously the notification provided for in the rule. To the recipient it warranted the conclusion that judgment had been entered for $4400 in favor of the only plaintiff still in the case on the only count still in the case. The damages stated in the letter to have been awarded would appear sufficient, under the evidence adduced, to satisfy the plaintiff, although $2000 probably would not have satisfied her. There was no reason for plaintiff to appeal the judgment which the clerk advised had been entered. The failure to notify of the entry of the judgment would have warranted setting aside the judgment by motion, on good cause shown, within six months after its entry. Rule 74.78 V.A.M.R. But before that six-month period had expired the court had attempted to correct the judgment, improperly we have held, and the case was already on appeal. The record is silent on when plaintiff ever became aware of the December 9 entry. It would be unjust to deny plaintiff's request simply because she failed to appeal from a judgment which she didn't know had been entered and which was substantially different from the judgment she was advised by the clerk had been entered.

On the other hand, we cannot affirm the liability determination without prejudicing the appeal rights of defendants. Confronted with the record here defendants have limited their appeal position to an attack on the various judgments. Their attack on those judgments is well taken. We are not without understanding of the expense involved on appeal, nor are we unaware that counsel for defendants, having strong ground to eliminate $2400 from the judgment, may have elected to follow that course and, for reasons of economy, abandoned their attack on trial procedures and sufficiency of the evidence. To uphold their legal position on the judgments and at the same time to uphold the judgment of liability, effectively denies defendants an opportunity to attack the evidentiary basis of the liability determination. This we are also unwilling to do.

We turn to Supreme Court Rule 79.04, V.A.M.R., (the plain error rule) to extricate this case from the morass. From the facts heretofore set forth it is clear to us that a series of plain errors have occurred which affect substantial rights of both parties. Confronted with the misleading letter of December 5, the erroneous judgment of December 9, the apparent failure to notify under Rule 74.78 of the December 9 entry the two erroneous and void attempts to correct the December 9 judgment, the entire record convinces us that all judgments in this case should be set aside. The cause will be remanded to the circuit court for entry of a new judgment based upon the evidence adduced at trial. After entry of judgment each party will be enabled to follow such after-trial procedures as may be deemed advisable, including appeal.

The judgment of December 9, 1969 is set aside and the cause remanded for further proceedings not inconsistent with this opinion. The orders of March 9 and March 24, 1970, being void, are set aside.

PER CURIAM.

The foregoing opinion by SMITH, C., is adopted as the opinion of this court. Accordingly, the judgment of December 9, 1969 is set aside and the cause remanded for further proceedings not inconsistent with this opinion. The orders of March 9 and March 24, 1970, being void, are set aside.

BRADY, P. J., DOWD and WOLFE, JJ., concur.