Florence O. WILLIAMS,
Petitioner-Respondent,

v.

Eldon E. WILLIAMS,
Respondent-Appellant.

No. 39247.

Missouri Court of Appeals,
St. Louis District,
Division One.

March 7, 1978.

Motion for Rehearing and/or Transfer
Denied May 9, 1978.

Application to Transfer Denied
June 15, 1978.

Benson Cytron, House Springs, for respondent-appellant.

David J. Barton, Arnold, for petitioner-respondent.

6. Born, May 21, 1972.

McMILLIAN, Judge.

Appellant Eldon E. Williams appeals from an order and decree entered by the circuit court of Jefferson County granting respondent Florence O. Williams a new trial in a dissolution of marriage proceeding. For reversal appellant argues that the trial court erred (1) in granting a new trial on its own motion because the court order was entered beyond the thirty day period, Rule 75.01, V.A.M.R., when the trial court had no jurisdiction, *Wiseman v. Lehmann*, 464 S.W.2d 539 (Mo.App.1971); and (2) in not specifying of record its grounds for sustaining respondent's motion for a new trial and because the new trial was not granted on discretionary grounds, error is presumed, *Curtis v. Curtis*, 491 S.W.2d 29 (Mo.App. 1973). For the reasons discussed below, we disagree and, accordingly, affirm.

Respondent originally instituted this proceeding for dissolution of marriage. The dissolution of the marriage is conceded by both parties; consequently, the contention here affects only the property settlement. At an uncontested hearing on March 1, 1977, the trial court received into evidence, without any objections from either party, a separation agreement and an addendum thereto setting forth all agreements as to property, support and custody of the parties' minor child. After the hearing, pursuant to § 452.325(2) RSMo Supp.1973, the trial court found the separation agreement including the addendum to be conscionable and approved it and entered a decree of dissolution.

On March 10, 1977, respondent filed a motion to vacate and set aside judgment and for a new trial. On May 10, 1977, after a hearing, the trial court granted respondent a new trial, stating ". . . the Court is going to sustain the motion of petitioner [respondent here] for new trial. Further, the court on its own motion is also going to order a new trial in this cause." The reason assigned by the trial court was the difference in cost of real estate sold as shown in a series of documents, marked as Respondent's Exhibit C, on Colewil Corporation. In one part of the exhibit the cost

price was $208,000 and in another part of the same exhibit the cost price was $185,000. The trial court further noted the lack of clarity as to the specific values of other real estate listed under the assets of Colewil Investment Co., certain unclear statements as to the installment method of accounting and the fact that the audit was made in 1976.

In her motion to vacate and set aside judgment and for a new trial, inter alia, respondent alleged that the disclosure made by appellant not only was inaccurate but also failed to fairly reflect the present value of the assets listed therein. Respondent also alleged that there was a contract for the sale of the parties' real estate in Missouri for $55,000 when in fact the contract was for only $50,000. Respondent further alleged that she had not understood the provisions of the separation agreement, specifically the method of payment of the proceeds of the Missouri real estate, and that before and at the time of the rehearing on March 1, 1977, respondent was under extreme mental and nervous strain and was not able to review the terms of the separation agreement.

■ While we agree with *Wiseman v. Lehmann*, 464 S.W.2d 539, 543 (Mo.App. 1971), that the power of a court to correct, amend, vacate, reopen, or modify a judgment upon its own motion is limited to thirty days after entry of judgment, that point of law is not apposite. In this case the trial court apparently granted a new trial not only in accordance with respondent's motion for a new trial, but also on its own motion as an additional basis. Thus, that part of the trial court's order purporting to grant a new trial on its own motion is surplusage.

Neither do we find *Curtis v. Curtis*, 491 S.W.2d 29 (Mo.App.1973), to rule this case. In *Curtis*, without referring to any of the grounds in the party's motion for a new trial, the trial court gratuitously sustained the motion for a new trial and set aside its previous order because of a court practice. The trial court's order in *Curtis* merely stated ". . . motion for a new trial was argued and sustained. . . ." *Id.*

at 33. In *Curtis*, and rightfully so, the order granting a new trial was reversed because of a violation of Rule 78.01, V.A. M.R. (see present Rule 78.03, V.A.M.R., effective January 1, 1975), which requires a specification of grounds in the trial court's order.

In this case the trial court, as indicated in its order for a new trial, set forth at length its reasons which are consonant with respondent's allegations that appellant's disclosure was inaccurate and did not fairly reflect the present value of their assets. Moreover, in reviewing the action of the trial court in sustaining the motion for a new trial, we give the specified ground a broad and liberal construction, *e. g.*, *Demmas v. St. Louis Outdoor Advertising, Inc.*, 452 S.W.2d 303, 307 (Mo.App.1970), citing *Donati v. Gualdoni*, 358 Mo. 667, 216 S.W.2d 519, 521 (1949). We are unable to find any abuse of discretion by the trial court, *e. g.*, *Laclede Investment Corp. v. Kaiser*, 541 S.W.2d 330, 333 (Mo.App.1976), and accordingly, affirm.

Judgment affirmed.

CLEMENS, P. J., and SMITH, J., concur.