Jason S. MARKS, Appellant,

v.

Felicia C. MARKS, Respondent.

Nos. ED 87026, ED 87551.

Missouri Court of Appeals,
Eastern District,
Division Three.

Oct. 10, 2006.

Jason Steven Marks, St. Louis, pro se.

Gregory Brough, Clayton, MO, for respondent.

Arthur H. Nissenbaum, St. Louis, MO, for Guardian ad Litem.

KENNETH M. ROMINES, Judge.

## Introduction

Appellant Jason S. Marks ("Husband") appeals from the amended judgment of the Circuit Court of St. Louis County, the Honorable Michael D. Burton presiding, after the trial court entered a decree of dissolution of the parties' marriage. In the original decree, the court ordered that the parties have joint legal and physical custody of the couple's minor child. In the amended decree, however, the court granted Respondent Felicia C. Marks ("Wife") sole legal and physical custody of the child. The original decree also required husband to pay child support, but the Court's Form 14 calculation failed to include certain child care costs. In the amended decree, the court included the missing child care costs in its new Form 14 calculation, but found that the proper amount was "unjust and inappropriate," and did not require Wife to pay her proportionate share. The trial court also ordered Husband to pay varying amounts of attorney's fees and Guardian ad Litem fees. For the reasons set forth below, we reverse in part and affirm in part.

## Factual and Procedural Background

The record reveals that Husband and Wife had been married for several years when Husband filed a petition for dissolution of their marriage in February of 2004. The couple had one minor child at the time Husband filed for dissolution, and thus, a Guardian ad Litem ("GAL") was appointed. On 15 June 2005, the trial court granted Husband's petition for dissolution of the marriage, and found that "[i]t is in the child's best interests for the parties to share joint physical custody [and] ... joint legal custody" of the couple's minor child. However, the court attached a "Parenting Plan" to the decree, which provided that "[i]n the event that the parties are unable to agree after conferring with each other as set out herein below in paragraph 14, Mother will make the final decision." Paragraph 14 of the Parenting Plan was titled "Resolution of Disputes," and provided that if the parties encountered a dispute concerning an interpretation of the Parenting Plan or other "issues affecting the growth and development or health and safety of the child," they were ordered to utilize the services of a professional counselor to help resolve the dispute. Paragraph 14, however, again provided that "Mother shall have final decision making authority" if a resolution to such a dispute could not be reached.[1]

In addition, the court ordered Husband to pay child support and 100% of work-related child care costs. However, the court did not include the cost of child care in its initial Form 14 calculation of Husband's child support amount. The trial court also ordered Husband to pay Wife $5,000 as and for attorney's fees for Wife's trial counsel. Finally, the trial court ordered Husband to pay $5,000 in fees for

---

1. It is also relevant to note that the parties specifically requested that the trial court, pursuant to Rule 73.01, prepare findings of fact and conclusions of law in its final order, which the trial court did.

the GAL, while Wife was ordered to pay $1,500 for the GAL.

Following the entry of the trial court's order and decree of dissolution, Husband filed a motion to amend the trial court's judgment on 15 July 2005. Husband's motion raised several issues, four of which are the subject of this appeal. First, Husband argued that the trial court erred in amending its judgment from joint legal custody to sole legal custody in favor of Wife because, according to Husband, Section 452.375 RSMo. (2000)[2] does not authorize a trial court to controvert an award of joint legal custody with a parenting plan that gives one party "final decision making authority" over disputed issues. Specifically, Husband petitioned the court to remove the language from the Parenting Plan giving wife final decision-making authority regarding disputed issues. According to Husband, such a contradiction renders the award of joint custody "meaningless or ineffectual." Second, Husband argued that the trial court erred in excluding the costs of child care from its Form 14 calculations, and thus, arrived at an incorrect amount of child support owed by Husband. Finally, Husband argued that the trial court erred in ordering him to pay attorney's fees and GAL fees.

In response to Husband's motion to amend, the court found that it had incorrectly awarded "joint legal custody" of the parties' minor child. Specifically, the court noted that it "incorrectly labeled its legal custody arrangement for the parties." Thus, the court amended its prior order of joint legal custody, and awarded Wife "sole legal custody" of the child. In making this finding, the court noted that, "Wife is better able to parent the child." In addition, the court noted that, "the parents share a great deal of disdain for each other." However, the court did not remove from the Parenting Plan the language giving Wife final decision-making authority regarding disputed issues.

Regarding Husband's second issue, the trial court re-calculated the amount of child support Husband owed by including the costs of work-related child care into an amended Form 14 calculation. Although the Court acknowledged that the amended Form 14 calculation required Wife to pay $232 towards the cost of child care, the Court ultimately determined that it would be "unjust and inappropriate" to require wife to pay her proportionate share. In particular, the court noted that this amount would "impose a significant burden on her, while having Husband pay an additional $232 would not impose a burden on him." Consequently, the court did not amend its original order in this regard, and required Husband to pay the same amount of child care originally ordered.[3]

Following the issuance of the trial court's amended judgment, Husband filed a "Motion to Vacate Amended Judgment and Decree of Dissolution" on the grounds that, pursuant to established Missouri case law, the trial court only had jurisdiction to either grant or deny the specific relief Husband requested because more than 30 days had passed since the entry of judgment. In other words, Husband argued that the trial court lacked jurisdiction to amend its judgment in any way other than the manner he requested. First, since Husband only petitioned the court to remove the language from the Parenting Plan giving Wife final decision-making authority on disputed matters, he argues that the court exceeded its jurisdiction in

---

**2.** All statutory references are to RSMo. (2000) unless otherwise indicated.

**3.** The trial court did not address Husband's claims regarding attorney's fees and GAL fees.

amending the decree from joint legal custody to sole legal custody in favor of Wife. Second, since Husband only petitioned the court to re-calculate the Form 14 amount of child support he owed based upon the addition of work-related child care costs, he also argues that the court exceeded its jurisdiction in making a factual determination that the new amount was "unjust and inappropriate," and not requiring Wife to pay her proportionate share.

The trial court ultimately denied Husband's motion to vacate its amended judgment, and this appeal followed. Following Husband's notice of appeal, Wife filed another motion for attorney's fees, which the trial court granted, and awarded Wife $3,000 for her appellate counsel.

### *Discussion*

Husband brings five points of error: (1) that the trial court erred in changing its original custody award from joint legal custody to sole legal custody in favor of wife because the court lacked jurisdiction to do so in that Missouri law only gives a trial court 30 days to amend its judgment after entry of the judgment; (2) that the trial court erred in amending its judgment and determining that although it should have included the costs of child care in its Form 14 calculation, it would be "unjust and inappropriate" to require Wife to pay her proportionate share of the newly calculated amount because the court lacked jurisdiction; (3) that the trial court erred in ordering Husband to pay $5,000 as and for attorney's fees for Wife's trial counsel; (4) that the trial court erred in ordering Husband to pay $5,000 in fees for the GAL; and (5) that the trial court erred in ordering Husband to pay $3,000 as and for

attorney's fees for Wife's appellate counsel.

### *I. Amendment of Child Custody Determination*

■ In his first claim of error, Husband argues that, pursuant to established Missouri law, namely *Wiseman v. Lehmann,* 464 S.W.2d 539, 543 (Mo.App.1971), the trial court lacked jurisdiction to amend its original order and grant Wife sole legal custody of the couple's only minor child.[4] We agree.

■ Since this appeal involves the question of whether the trial court had jurisdiction to amend its judgment, this is a question of law, which we review *de novo. In re Marriage of Jeffrey,* 53 S.W.3d 173, 175 (Mo.App. E.D.2001). Furthermore, we note that a judgment entered without jurisdiction is void. *Id.* at 176.

In *Wiseman,* this Court specifically held that:

> The power of a court to correct, amend, vacate, reopen or modify a judgment upon its own motion (and for good cause) is limited to thirty days after the entry of the judgment. After that thirty day period the court's jurisdiction is limited to granting relief sought by one of the parties in its after trial motions for reasons stated in that motion.

*Wiseman,* 464 S.W.2d at 543; *see also* Rule 75.01. In this case, the record is undisputed, and Wife concedes in her brief, that the trial court amended its judgment more than thirty days after it entered its original order. Therefore, according to *Wiseman* and its progeny, the trial court was limited to either granting or denying Husband's limited request to remove the language from the Parenting Plan giving Wife final decision-making au-

---

**4.** In addition, Husband cites several other cases which have reaffirmed the rule set forth in *Wiseman* : *L.J.S. v. V.H.S.,* 514 S.W.2d 1 (Mo.App.1974); *Antonacci v. Antonacci,* 892 S.W.2d 365 (Mo.App.1995); and *Carter v. Carter,* 901 S.W.2d 906 (Mo.App.1995).

thority over any disputed matter. Since the trial court amended its judgment in a manner that was not requested by Husband, we find that the trial court exceeded its jurisdiction in changing its custody determination from joint legal custody to sole custody in favor of Wife. Point granted.

## II. Recalculation of Form 14 Child Support Amount

■ In his second claim of error, Husband similarly argues that the trial court erred in amending its judgment when it determined that the re-calculated Form 14 amount of child support was "unjust and inappropriate." We disagree.

■ Although at first glance it appears that *Wiseman* also controls Husband's second point of error because the trial court technically amended its decree in a manner that was not requested by Husband, we find that *Wiseman* is not applicable in this instance. In his motion, Husband merely asked the trial court to re-calculate the presumed amount of child support. In doing so, however, Husband also opened the door, so to speak, for the court to reconsider whether the new amount was just and appropriate. We find support for this position in two places. First, Rule 88.01(a) provides that, "[w]hen determining the correct amount of child support, a court or administrative agency shall consider all relevant factors, including all relevant statutory factors." In addition, the Western District of this Court has held that "the intent of the Supreme Court in establishing Rule 88.01 was to provide a two-step procedure to determine child support." *Woolridge v. Woolridge*, 915 S.W.2d 372, 379 (Mo.App. W.D.1996). The first step is a simple "mathematical calculation," and merely requires the court to "find for the record the presumed correct child support amount pursuant to a correct Form 14 calculation." *Id.* The second step, however, requires the court to consider whether, after considering all the relevant factors prescribed by Section 452.340.8, the court should "rebut the presumed child support amount ... as being unjust or inappropriate...." *Id.* Thus, courts are permitted to exercise their "broad and sound discretion in the final determination of child support awards." *Id.* Importantly, the *Woolridge* court also stated that the purpose of this two-part test is to further "the intent of the rule to promote fair and consistent child support awards in this state." *Id.*

■ In this case, when Husband petitioned the trial court to undertake step one, and re-calculate the presumed Form 14 amount of support based upon the inclusion of the previously missing child care costs, he automatically, albeit unwittingly, also asked the court to reexamine the propriety of this amount, pursuant to the second step described in *Woolridge*. We reach this conclusion because, as the *Woolridge* court noted, the primary purpose behind Rule 88.01 is to ensure that all child support awards in this state are "fair and consistent." Indeed, the trial court in its amended order specifically noted that the new amount was "unjust and inappropriate" because it required wife to pay $232/month, and this would "impose a significant burden on her." On the other hand, the trial court found that requiring Husband to pay this additional amount would "not impose such a burden on him."

The *Woolridge* court noted that the Form 14 presumed amount of child support may be rebutted by consideration of the factors set out in Section 452.340.1, which include "[t]he financial resources and needs of the parents." Section 452.340.1(2). In the trial court's original order, it noted that there was a "significant disparity in the parties' income," where Husband's gross monthly income was $6,667 ($80,004 annually), whereas Wife's gross monthly income was $2,333 ($27,996 annually).

Accordingly, there was substantial evidence on the record supporting the trial court's determination that the re-calculated Form 14 amount was "unjust and inappropriate," and thus, we cannot say that the trial court abused its discretion in this regard. Therefore, we find that the trial court did not exceed its jurisdiction in undertaking both steps of the *Woolridge* two-step process, notwithstanding the fact that Husband only petitioned the court to reexamine the first step. Point denied.

### III. Award of Attorney's Fees and GAL Fees

■ Finally, Husband argues in this third, fourth and fifth points of error that the trial court abused its discretion in ordering him to pay varying amounts of fees for Wife's trial and appellate counsel, as well as the GAL. We disagree.

We note initially that Section 452.355.1 allows a trial court to order one party to pay the attorney's fees of another in any proceeding brought under Sections 452.300 to 452.415. In addition, Section 452.423.5 allows a trial court to order any party to pay the GAL fees in proceedings involving the dissolution of a marriage or custody of a minor child. Since this proceeding falls within the purview of Sections 452.355.1 and 452.423.5, the trial court was within its power in ordering such awards. Thus, the only question is whether the trial court abused its discretion in ordering Husband to pay these fees.

■ We also note that a trial court has discretion to award attorney's fees "after considering all relevant factors, including the financial resources of both parties, the merits of the case, and the actions of a party." *Hatchette v. Hatchette*, 57 S.W.3d 884, 893 (Mo.App. W.D.2001). Furthermore, since a trial court is "an expert in the necessity, reasonableness and value of attorney's fees," it can "determine and award such fees as it deems appropriate."

*Id.* Since we review for an abuse of discretion, we can only overturn upon a showing that "the trial court's decision was against the logic of the circumstances and so arbitrary and unreasonable as to shock one's sense of justice." *Id.*

In this case, given the record before us, we cannot say that the trial court abused its discretion in ordering Husband to pay the specified amounts of attorney's and Guardian *ad Litem* fees. Since one of the primary factors to be considered is the financial resources of the parties, and given that Husband's income is approximately 2.85 times that of Wife's, there is nothing shocking or illogical about the trial court's decision. Thus, points three, four and five are denied.

### Conclusion

Since the trial court erred in amending its original judgment without jurisdiction regarding its original custody determination, we must reverse the trial court's amended judgment on this point alone. Accordingly, we remand this case and instruct the trial court to rule only on the specific issue raised in the first point of Husband's appeal. However, we affirm the trial court's decision holding that the re-calculated presumed child support amount was "unjust and inappropriate," as well as its concurrent decision not to modify the original order regarding the respective monthly child support payments owed by the parties. Furthermore, we affirm the trial court's orders concerning attorney and GAL fees.

REVERSED AND REMANDED in part and AFFIRMED in part.

GLENN A. NORTON, P.J., and LAWRENCE E. MOONEY, J., concur.