STATE of Missouri ex rel. Jeremiah W. NIXON, Attorney General, State of Missouri, Respondent,

v.

**Christopher BOWERS, Appellant.**

No. WD 67347.

Missouri Court of Appeals, Western District.

May 9, 2007.

Christopher Bowers, Cameron, MO, appellant Pro Se.

Paul Harper, Assistant Attorney General, Jefferson City, MO, for respondent.

Before JAMES M. SMART, JR., Presiding Judge, JOSEPH M. ELLIS, Judge and EDWIN H. SMITH, Judge.

JOSEPH M. ELLIS, Judge.

Christopher Bowers, acting *pro se*, appeals from a judgment entered in the Circuit Court of Cole County ordering Bowers to reimburse the State for the cost of his incarceration pursuant to the Missouri Incarceration Reimbursement Act (MIRA), §§ 217.825 to 217.841.[1]

Bowers is currently serving terms in the Missouri Department of Corrections of seventeen years on a conviction for second degree murder and four years for armed criminal action. On December 23, 2005, the State filed a petition seeking reimbursement from Bowers for costs associated with his incarceration under MIRA. Shortly thereafter, the circuit court issued a show cause order, requiring Bowers to show cause why judgment should not be entered against him. Bowers filed a timely response to that order, along with a motion for judgment on the pleadings. Subsequently, the State filed a motion for summary judgment, Bowers filed a response, and the State filed a reply.

On May 15, 2006, the circuit court entered summary judgment in favor of the State, finding Bowers responsible to reimburse the State for $136,041.60 in costs of care already incurred as well as any future costs. The court ordered the inmate treasurer to pay 90% of any funds in Bowers's inmate account over $2,500 and 90% of all future deposits to that account, including wages and bonuses earned while incarcerated, to the Inmate Incarceration Reimbursement Act Revolving Fund.

On July 27, 2006, Bowers filed a motion to set aside the judgment, averring that he had not been sent or received a copy of the judgment and had been unaware of its entry. On August 2, 2006, the circuit

---

1. All statutory references are to RSMo 2000 unless otherwise noted.

court entered a docket entry denying Bowers's motion to set aside the judgment, but entered an order reissuing its prior judgment. Bowers brings five points on appeal from that judgment.

In his first point, Bowers claims the circuit court erred in denying his motion to set aside the judgment under Rule 74.03 because the clerk of the court failed to provide him timely notice that judgment had been entered. Rule 74.03 provides:

Immediately upon the entry of an order or judgment, the clerk shall serve a notice of the entry by mail in the manner provided for in Rule 43.01 upon each party who is not in default for failure to appear and who was not present in court in person or by attorney at the time of the entry of such order or judgment. If such notice is not given, the order or judgment shall be set aside for good cause shown upon written motion filed within six months from the entry of the order or judgment. . . .

"The purpose of Rule 74.03 is to afford parties time in which to challenge judgments or orders of which they were otherwise unaware." *Nandan v. Drummond*, 5 S.W.3d 552, 559 (Mo.App. W.D.1999) (internal quotation and emphasis omitted).

In his motion, Appellant claimed he first discovered that the judgment had been entered after he requested a copy of the docket sheet on July 3, 2006, to determine the status of his case. He averred that the clerk had failed to mail him notice of the judgment as required by Rule 74.03 and that he was thereby prejudiced because the time for filing an appeal had lapsed.

Five days after Bowers filed his motion to set aside the judgment, the circuit court issued an order "reentering" its May 15, 2006 judgment. The circuit court also entered a docket entry stating that "having reissued [the] Judgment of 5/15/06," the court was denying Bowers's motion to set aside the judgment.

The State does not contend on appeal that Bowers was not entitled to have the judgment set aside. Rather, implicitly conceding that issue, the State argues that by reentering its prior judgment, the circuit court effectively **granted** Bowers's motion, thereby allowing Bowers to file the present appeal.

The problem with the State's position is two-fold. First, the record reflects that the trial court **expressly denied Bowers's motion.** Second, without having granted Bowers's motion, the circuit court lacked jurisdiction over the judgment to "reenter" or "reissue" it.

Pursuant to Rule 75.01, the circuit court only retained authority to vacate, reopen, correct, amend, or modify the judgment for thirty days after its entry.[2] This period of time corresponds with the finality provisions in Rule 81.05(a)(1), which provides that "[i]f no timely, authorized after-trial motions are filed, a judgment becomes final 30 days after entry." *In re Estate of Standley*, 204 S.W.3d 745, 751 (Mo.App. S.D.2006) (Bates, C.J., concurring) (citing *Rule 81.05(a)(1)* ). Pursuant to these rules, "[i]n the absence of any authorized trial motions, 'the trial court loses jurisdiction at the expiration of thirty days.' "[3] *State ex rel. Abdullah v. Roldan,*

---

2. Rule 75.01 provides that "[t]he trial court retains control over judgments during the thirty-day period after entry of judgment and may, after giving the parties an opportunity to be heard and for good cause, vacate, reopen, correct, amend, or modify its judgment within that time."

3. "If a timely authorized post-trial motion is filed, the thirty-day time period extends to ninety days." *State ex rel. Toth v. Dildine,* 196 S.W.3d 663, 664 (Mo.App. E.D.2006) (citing *Rules 78.06* and *81.05* ).

207 S.W.3d 642, 646 (Mo.App. W.D.2006) (quoting *Lacher v. Lacher*, 785 S.W.2d 78, 80 (Mo. banc 1990)). "A judgment entered without jurisdiction is void." *SD Investments, Inc. v. Michael–Paul, L.L.C.*, 157 S.W.3d 782, 785 (Mo.App. W.D.2005) (internal quotation omitted).

■ Aside from Bowers's motion to set aside the judgment, no other motions were filed with the circuit court after the entry of judgment. Thus, the only way the court could reacquire jurisdiction over the case after the thirty-day period had expired was by granting Bowers's motion. Since the circuit court denied that motion, it lacked any authority to reassume jurisdiction over the case. Accordingly, the circuit court's reentered judgment is void, and Appellant's appeal from the original judgment is untimely. The only issue properly before this court is Bowers's challenge to the trial court's denial of his motion to set aside the judgment.

Bowers's motion sets forth *prima facie* grounds for setting aside the judgment under Rule 74.03. In order to deny that motion, the circuit court would have to have found that the facts alleged in the motion were not credible. Without having heard any evidence, or even provided the State an opportunity to respond to Bowers's motion, and in light of the fact that the State effectively concedes that Bowers motion should have been sustained, any such finding would amount to an abuse of discretion. Indeed, the circuit court's decision to reenter the judgment strongly suggests that the court found Bowers's claims meritorious, as there does not appear to be any other reason for that action. Accordingly, the trial court's denial of that motion must be reversed and the cause remanded for further proceedings.

■ Realistically, we recognize that on remand the circuit court may well grant Bowers's motion and then simply reenter summary judgment against him, which will likely result in Bowers appealing that judgment and pursuing his remaining points on appeal. Thus, adopting the position advocated by the State might lead to a more expeditious resolution of those issues. However, this court cannot ignore defects that deprived the trial court of jurisdiction to enter the judgment it rendered. *SD Investments, Inc.*, 157 S.W.3d at 785. "A judgment is void from its inception if the court that rendered judgment did not have jurisdiction." *Williams v. Williams*, 932 S.W.2d 904, 905 (Mo.App. E.D.1996).

To summarize, the circuit court's attempt on August 2, 2006, to reenter the summary judgment of May 15, 2006, is void. That purported judgment was precipitated by the erroneous denial of Bowers's motion to set aside the summary judgment entered on May 15, 2006. Accordingly, the cause is remanded to the circuit court for further proceedings not inconsistent with this opinion on Bowers's motion to set aside the judgment of May 15, 2006.

All concur.