**In re the Matter of Samantha Lucille SMYTHE, a minor child.**

**Brian Michael Smythe, Respondent,**

v.

**Danielle Kathleen Funk, Appellant.**

**No. 28315.**

Missouri Court of Appeals,
Southern District,
Division Two.

June 9, 2008.

Daniel P. Card II, Benicia Baker–Livorsi, St. Charles, for Appellant.

Christina L. Kime, Piedmont, for Respondent.

NANCY STEFFEN RAHMEYER, Judge.

Appellant Danielle Kathleen Funk ("Mother") appeals the trial court's Amended Judgment Decree Modifying Judgment Decree of Child Custody ("the second Amended Judgment") which modified custody of Samantha Lucille Smythe ("the Child"). We reverse and remand the judgment with directions to the trial court.

On January 24, 2002, an Order and Judgment of paternity declared Brian Michael Smythe ("Father") to be the biological father of the Child, who was born on February 2, 2001; a Judgment Decree of Child Custody was entered on May 5, 2005. In that Judgment, Mother and Father alternated the physical custody of the Child in two-week increments. As the Child was to begin kindergarten, the parents lived approximately one hour from each other. First, Mother filed a Motion to Modify the Judgment and Decree of Child Custody, and Father subsequently filed a cross-petition for modification. Because we base our decision on a procedural dilemma involving the filing of two amended judgments, we shall set forth a timeline.

### Judgment Timeline

8/15/06 A trial on the merits was held in the Wayne County Circuit Court.

8/17/06   The trial court entered a Judgment Decree Modifying Judgment Decree of Child Custody (the "Original Judgment") in this case.

8/29/06   Mother filed a motion to set aside or amend on the basis that the judgment was against the weight of the evidence, was not supported by substantial evidence and was not in the best interests of the Child.

9/13/06   Mother filed an amended post-trial motion to set aside the trial court's Original Judgment claiming the judgment was against the weight of the evidence and not in the best interest of the Child, the GAL was not allowed to give a recommendation, the court failed to allocate the Easter holiday and awarded the Child's birthday to both parties, and failed to make findings.

10/4/06   The trial court entered its first Amended Judgment Decree Modifying Judgment Decree of Child Custody ("the first Amended Judgment"). It appears the first Amended Judgment differed from the Original Judgment in the following ways: it set out that Mother's visitation was to begin at 6:00 p.m. on Friday as opposed to 4:00 p.m. on Friday as stated in the Original Judgment; Easter Sunday was apportioned to "Holiday Group B" where it had not been allocated in the Original Judgment; and the Child's birthday was allocated to "Holiday Group A" where it had previously been allocated to both "Holiday Group A" and "Holiday Group B."

10/12/06   Mother filed a Motion for New Trial/Amend Judgment, with respect to the first Amended Judgment, incorporating the 9/13/06 motion, requesting "[t]he proceedings in this matter should be reopened to hear evidence from … the [GAL] …" or that the proceedings be reopened so that she could make an offer of proof relating to the testimony of the GAL. Once again, Mother reiterated in this motion that the first Amended Judgment "still does not include or set forth sufficient findings with the specificity that is required by [section] 452.375.6. . . ."[1]

1/2/07   The trial court made the following docket entry: "[t]he court takes up [Mother's] Motion for New Trial/Amend Judgment in chambers and does sustain the same. The [first] Amended Judgment filed October 4, 2006, is hereby set aside."

2/13/07   Court entered a second Amended Judgment Decree Modifying Judgment Decree of Child Custody ("second Amended Judgment"). It appears the only difference between the second Amended Judgment and the first Amended Judgment is that the second Amended Judgment set out that "Christmas vacation" visitation with the Child would end on December 30 as opposed to New Year's Eve as stated in the first Amended Judgment.

2/20/07   Mother filed Notice of Appeal.

Mother brings four points on appeal. Three of Mother's points address in one specific aspect the failure of the trial court to respond to Mother's Motion for New Trial/Amend Judgment. The fourth claims the court exceeded its jurisdiction and erroneously applied the law in setting aside the October 4, 2006 first Amended Judgment and in entering the February 13, 2007 second Amended Judgment. We will address all of the points together as

---

1.  All references to statutes are to RSMo 2000, unless otherwise specified and all rule references are to Missouri Court Rules (2007), unless otherwise specified.

each highlight the error of law in entering the February 13, 2007 second Amended Judgment. Since this appeal involves the question of whether the trial court had authority to amend the judgment in the way that it did, this is a question of law, which we review *de novo*. *In re Marriage of Jeffrey*, 53 S.W.3d 173, 175 (Mo.App. E.D.2001).[2] Questions and issues of law are for the independent determination of the appellate court. No deference is to be accorded to a trial court's rulings on matters of law. *Wray v. Wray*, 73 S.W.3d 646, 650 (Mo.App. E.D.2002). Instead, the appellate court is required to independently evaluate whether the trial court properly declared or applied the law in light of the facts presented. *Roeder v. Ferrell–Dun-*

*can Clinic, Inc.,* 155 S.W.3d 76, 80 (Mo. App. S.D.2004).

It is well-established that "[a] trial court retains control over a final judgment for thirty days after entry and during that time period may vacate, correct, amend, or modify its judgment." *McCombs v. Joplin 66 Fairgrounds, Inc.,* 925 S.W.2d 946, 949 (Mo.App. S.D.1996); *see* Rule 75.01.[3] "However, upon the filing of a timely after-trial motion, the time period within which the court may exercise jurisdiction over the judgment extends to ninety days." *McCombs,* 925 S.W.2d at 950; *see* Rule 81.05.[4] " 'Once the thirty day period in Rule 75.01 expires, a trial court's authority to grant relief is constrained by and limited to the grounds raised in a timely filed,

**2.** We realize the term "jurisdiction" has been used to describe trial court error in many appellate opinions, including *Jeffrey.* We believe the proper question, in view of *In re Marriage of Hendrix,* 183 S.W.3d 582 (Mo. banc 2006), is whether the trial court "exceeded its authority" to enter the second Amended Judgment that was not in response to the motion to amend and not whether the trial court had "jurisdiction" during the ninety days to enter an amended order.

If a court then errs in substance or procedure in failing to make necessary findings, in making findings not supported by the evidence, in excluding necessary evidence or in mistaking hearing requirements, it has not lost jurisdiction. It simply has erred. Such errors should be raised on appeal and, if prejudicial, may lead to reversal and remand. But, they do not affect the court's jurisdiction to render the particular judgment in the particular case, and "[a] judgment is not void simply because it is erroneous, or based on precedent later determined to be incorrect or unconstitutional." *Baxi,* 122 S.W.3d at 96. *Hendrix,* 183 S.W.3d at 590.

**3.** Rule 75.01 states in pertinent part:
The trial court retains control over judgments during the thirty-day period after entry of judgment and may, after giving the parties an opportunity to be heard and for good cause, vacate, reopen, correct, amend,

or modify its judgment within that time. Not later than thirty days after entry of judgment the court of its own initiative may order a new trial for any reason for which it might have granted a new trial on motion of a party, and every order granting a new trial shall specify the grounds therefor. After the filing of notice of appeal and before the filing of the record on appeal in the appellate court, the trial court, after the expiration of such thirty-day period, may still vacate, amend or modify its judgment upon stipulation of the parties accompanied by a withdrawal of the appeal.

**4.** Rule 81.05 states in part:
(a) Finality as Affected by After–Trial Motions. For the purpose of ascertaining the time within which an appeal may be taken:
(1) A judgment becomes final at the expiration of thirty days after its entry if no timely authorized after-trial motion is filed.
(2) If a party timely files an authorized after-trial motion, the judgment becomes final at the earlier of the following:
(A) Ninety days from the date the last timely motion was filed, on which date all motions not ruled shall be deemed overruled; or
(B) If all motions have been ruled, then the date of ruling of the last motion to be ruled or thirty days after entry of judgment, whichever is later.

authorized after-trial motion.'" *McCombs*, 925 S.W.2d at 950 (*quoting Massman Constr. Co. v. Highway & Transp. Comm'n*, 914 S.W.2d 801, 802 (Mo. banc 1996)).[5]

Here, the trial court entered its first Amended Judgment on October 4, 2006. Under Rule 75.01, the trial court had jurisdiction for only thirty days after the filing of its Amended Judgment unless a timely authorized after-trial motion was filed. Mother timely filed her "Motion for New Trial/Amend Judgment," an authorized after-trial motion, on October 12, 2006, which was well within thirty days of the entry of that Amended Judgment. Under Rule 81.05, the jurisdiction of the trial court was extended for ninety days after the filing of the October 12, 2006 motion; however, the trial court only retained the authority to act on those matters raised by Mother's timely filed motion. *McCombs*, 925 S.W.2d at 949; *Antonacci*, 892 S.W.2d at 368. Therefore, during the ninety-day period provided for in Rule 81.05, the trial court was limited to either granting or denying the specific requests stated in Mother's motion. *See id.*

We understand there is an apparent incongruity when we state that the court loses jurisdiction after thirty days to amend the judgment of its own accord under Rule 75.01 but the court has no authority other than to enter an order addressing the issues raised in a timely filed authorized after-trial motion under Rule 81.05; however, in the first situation, the issues have been resolved by a judgment and the parties have requested no action. The issues brought by the pleadings have been resolved. In the second situation, one or both of the parties have requested that the court extend its jurisdiction to ninety days to address specific issues. Rule 81.05 grants the trial court subject matter jurisdiction for ninety days to do so for a limited purpose. In other words, the court has jurisdiction to enter an order but not the authority to enter an order inconsistent with the requests of the parties.[6]

In our review of Mother's motion, we observe she requested three things: that the trial court reopen the evidence to allow testimony from the GAL; that the trial court reopen the evidence to allow an offer of proof about the testimony of the GAL; and that the trial court make the statutory findings required by section 452.375.6. The trial court entered its docket entry setting out that the motion was "sustain[ed]" and the first Amended Judgment was "set aside." The trial court then set a hearing date based on its ruling; however, prior to the hearing, the trial court entered its second Amended Judgment, which altered the end date for the Child's "Christmas vacation" visitation, but did not take *any* of the actions requested in Mother's motion.

It is clear that during the ninety-day period provided by Rule 81.05 the trial court *only* had the authority to address the three issues raised in Mother's motion and no other issues. *See Marks*, 203 S.W.3d at 734; *Antonacci*, 892 S.W.2d at

---

5. *See also Marks v. Marks*, 203 S.W.3d 729, 734 (Mo.App. E.D.2006); *Antonacci v. Antonacci*, 892 S.W.2d 365, 368 (Mo.App. E.D. 1995) (*quoting Wiseman v. Lehmann*, 464 S.W.2d 539, 543 (Mo.App.1971)) (setting out that "'[a]fter that thirty-day period the court's jurisdiction is limited to granting relief sought by one of the parties in its after trial motions for reasons stated in that motion.'")

6. To find otherwise would allow the parties to do nothing about a judgment until years after the trial and then claim the judgment is void for lack of jurisdiction, bringing into question the finality of many judgments.

368; *Wiseman,* 464 S.W.2d at 543. While the trial court sustained Mother's motion requesting the trial court reopen the evidence and make certain findings, and also set the matter for a hearing based on the fact that it sustained Mother's motion, it, nevertheless, failed to enter a judgment in conformity with that grant. Since the trial court amended its judgment in a manner not requested by Mother, we find the trial court erred in entering the Amended Judgment of February 13, 2007. *McCombs,* 925 S.W.2d at 949; *Antonacci,* 892 S.W.2d at 368.

Because we find the court exceeded its authority in entering the second Amended Judgment of February 13, 2007, we must reverse the trial court's amended judgment and remand this case and instruct the trial court to address one or more of the issues raised by Mother which it found supported setting aside the judgment of October 4, 2006. *Marks,* 203 S.W.3d at 735.

LYNCH, C.J., and SCOTT, J., concur.