**MARTIN, MALEC & LEOPOLD, P.C., Respondent,**

v.

**Shirley DENEN, Appellant.**

**No. ED 89106.**

Missouri Court of Appeals,
Eastern District,
Division Three.

May 5, 2009.

Joseph R. Burcke, Clayton, MO, for Appellant.

Lawrence J. Fleming, St. Louis, MO, for Respondent.

ROBERT G. DOWD, JR., Presiding Judge.

Shirley Denen ("Denen") appeals from the judgment of the trial court in favor of Martin, Malec & Leopold, P.C. ("MM & L") awarding MM & L $5,510.00 and $2,275.63 in prejudgment interest on its petition for collection of fees on account. MM & L has also filed two motions to dismiss, which have both been taken with this case. We find the appeal is untimely. We remand to the trial court and direct it to vacate any orders entered after the September 26, 2006 judgments [1].

This case began when MM & L filed a petition for collection of fees on account because they provided legal services to Denen for which she had not paid. Denen filed an answer and a counterclaim for malpractice. At the close of all evidence,

---

1. The record on appeal contains two separate filings that were file stamped on September 26, 2006, both of which were denominated judgments and signed by the trial judge. One of the filings was for the $5,510.00 in fees on account owed by Denen. The other was for $2,275.63 in prejudgment interest. We believe both of these filings constitute one judgment. However, the parties treat them as separate judgments as evidenced by Denen's "Motion to Set Aside Order and Judgment for Assessment of Prejudgment Interest." For the sake of clarity, we will refer to the two filings as separate judgments throughout this opinion.

MM & L filed a motion for directed verdict with respect to Denen's counterclaim for malpractice, and this motion was granted.

Subsequently, a jury trial was conducted on MM & L's petition for collection of fees on account. The jury returned a verdict in favor of MM & L for $5,510.00. The trial court entered a judgment according to that verdict, and the judgment was file stamped September 26, 2006. MM & L filed a motion for assessment of prejudgment interest, which was file stamped September 26, 2006. On the same day, the trial court granted MM & L's motion and, in another judgment referencing the underlying judgment, awarded it $2,275.63 in prejudgment interest, and that judgment was file stamped September 26, 2006.

The legal file contains a motion to set aside the judgment assessing prejudgment interest. This motion was not file stamped or entered into the court minutes, but the certificate of service states it was served on MM & L's counsel on November 13, 2006. The question of the timeliness of this appeal centers on the legal effect given to this motion to set aside.

On November 13, 2006, the trial court, without acknowledging the motion to set aside, rescinded, "on its own motion pursuant to Rule 74.06(a)–(b)," its September 26, 2006 judgment for prejudgment interest. Its stated rationale for doing so was that the trial court entered its judgment for prejudgment interest without offering Denen an opportunity to be heard and without notice, and further, the trial court did not provide Denen with a copy of said judgment until November 8, 2006. This order also specified that there would be a hearing on MM & L's motion for prejudgment interest on December 8, 2006.

After the December 8, 2006 hearing, the trial court entered a new judgment in favor of MM & L for $5,510.00 and for $2,275.63 in prejudgment interest on December 15, 2006. On December 26, 2006, Denen filed a notice of appeal from this judgment.

MM & L filed a motion to dismiss Denen's appeal arguing the September 26, 2006 judgments became final on either October 20 or 26, 2006[2], and a notice of appeal would have been due ten days thereafter, but no notice of appeal was filed during that ten day period.

After MM & L filed its first motion to dismiss, this court issued an Order to Show Cause requiring Denen to show cause as to why this appeal should not be dismissed for lack of a timely notice of appeal. In this order, this court noted the trial court's underlying judgment was file stamped September 26, 2006, and on that same day, the trial court entered a judgment on MM & L's motion for prejudgment interest ordering prejudgment interest in the amount of $2,275.63. Further, it was noted that the record on appeal does not contain any authorized after-trial motions that were filed within thirty days of the entry of the judgments. As a result, this court noted it appears the judgments became final October 26, 2006, which would make the notice of appeal due on November 5, 2006. Denen's notice of appeal was filed December 26, 2006, and this court noted it appeared it was untimely.

MM & L filed a second motion to dismiss arguing Denen's notice of appeal was

2. The judgment for $5,510.00 was entered on September 26, 2006. It was signed on September 20, 2006, but was not filed until September 26, 2006 when it was file stamped. The court minutes also show this judgment was filed on September 26, 2006. Relying on another stamp on this judgment, Denen contends this judgment was entered on October 26, 2006, but we find the September 26, 2006 file stamp is determinative as to when the judgment was entered.

untimely. Denen responded to this motion and the order to show cause, arguing its appeal was timely. Denen's rationale was that she did not receive notice of the September 26, 2006 motion for prejudgment interest or the September 26, 2006 judgment for prejudgment interest, and, pursuant to Rule 74.03, the time for filing a post-trial motion to set aside the judgment had been extended six months from the entry of the September 26, 2006 judgment for prejudgment interest.

Both of MM & L's motions to dismiss were taken with the case, and we will now address those motions.

■ Under normal circumstances, a trial court retains control over a final judgment for thirty days after entry and during that time period may vacate, correct, amend, or modify its judgment. Rule 75.01; *In re Smythe*, 254 S.W.3d 895, 897 (Mo.App. S.D.2008). However, upon filing of a timely after-trial motion, the time period within which the court may exercise jurisdiction over the judgment extends to ninety days. Rule 81.05(a)(2); *In re Smythe*, 254 S.W.3d at 897. Once the thirty day period in Rule 75.01 expires, a trial court's authority to grant relief is constrained by and limited to the grounds raised in a timely filed, authorized after trial motion. *In re Smythe*, 254 S.W.3d at 897–98.

■ Here, the trial court's September 26, 2006 judgments would have become final on October 26, 2006 because there were no authorized after-trial motions filed within the thirty day period after the entry of the September 26, 2006 judgments. Rule 81.05(a)(1). Thus, a party would have had ten days from October 26, 2006 to file a notice of appeal. Rule 81.04(a). In this case, a notice of appeal was not filed during that ten day period. Thus, the September 26, 2006 judgments would be final and the case would not be appeal-

able after November 5, 2006, unless Denen was able to set aside the judgments according to another rule.

■ Here, the trial court attempted to rescind its judgments "on its own motion pursuant to Rule 74.06(a)–(b)" on November 13, 2006. Rule 74.06 provides:

(a) Clerical Mistakes—Procedure. Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders. During the pendency of an appeal, such mistakes may be so corrected with leave of the appellate court.

(b) Excusable Neglect—Fraud—Irregular, Void, or Satisfied Judgment. *On motion* and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment or order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (3) the judgment is irregular; (4) the judgment is void; or (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment remain in force. (Emphasis added.)

In interpreting and applying Supreme Court Rules, we are to give the language used its plain and ordinary meaning. *State v. Williams*, 9 S.W.3d 3, 11 (Mo.App. W.D.1999). Thus, Rule 74.06(a) only applies to clerical mistakes, which are not at issue here. Further, Rule 74.06(b) does not allow the court to act on its own motion, as the court did here. *See Richard-*

*son v. Jallen Investment Group, Inc.*, 140 S.W.3d 112, 114 (Mo.App. E.D.2004)(holding that in the absence of a written or served motion under a relevant Missouri Supreme Court Rule, the trial court lacked jurisdiction to set aside a dismissal after it became final). As a result, we conclude Rules 74.06(a) and (b) do not give the trial court the authority to rescind the judgments as it attempted to do.

█ Denen also contends the trial court had the authority to set aside the September 26, 2006 judgments under Rule 74.03. We find this contention to be without merit.

Rule 74.03 provides:

[i]mmediately upon the entry of an order or judgment, the clerk shall serve a notice of the entry by mail in the manner provided for in Rule 43.01 upon each party who is not in default for failure to appear and who was not present in court in person or by attorney at the time of the entry of such order or judgment. If such notice is not given, the order or judgment shall be set aside for *good cause shown upon written motion filed* within six months from the entry of the order or judgment. (Emphasis added.)

In order for a judgment or order to which Rule 74.03 applies to be set aside, the procedure provided by that rule must be followed. *Carr v. Missouri Delta Medical Center*, 890 S.W.2d 324, 326 (Mo.App. S.D. 1994).

First, we note there is no evidence the motion to set aside the judgment for prejudgment interest was properly filed. Rule 43.02(b) provides "[t]he filing of pleadings and other papers with the court as required by Rules 41 through 101 shall be made by filing them with the clerk of the court." Moreover, in the administration of the courts, a motion is considered filed when delivered to the proper officer and lodged in his office. *In re Idella M.*

*Fee Revocable Trust*, 142 S.W.3d 837, 840 (Mo.App. S.D.2004). Here, we note Denen's motion to set aside the September 26, 2006 judgment for prejudgment interest was not file stamped and it also was not entered into the court minutes.

Second, the trial court never granted the motion. In *State ex rel. Nixon v. Bowers*, 221 S.W.3d 463, 464 (Mo.App. W.D.2007), Bowers filed a motion to set aside a judgment because he had not received a copy of the judgment and was unaware of its entry. The trial court denied Bowers' motion to set aside the judgment, and then entered an order reissuing its prior judgment. *Id.* at 465. Bowers then appealed the trial court's denial of his motion to set aside the judgment, and he claimed in his motion that:

he first discovered that the judgment had been entered after he requested a copy of the docket sheet … to determine the status of his case. [Bowers] averred that the clerk had failed to mail him notice of the judgment as required by Rule 74.03 and that he was thereby prejudiced because the time for filing an appeal had lapsed.

*Id.* at 465. The State argued by reentering its prior judgment, the trial court effectively granted Bowers' motion to set aside, thereby allowing Bowers to file his appeal. *Id.* However, the court found there were two problems with that argument: (1) the trial court expressly denied Bowers' motion and; (2) without having granted Bowers' motion, the trial court lacked jurisdiction over the judgment to reenter it. *Id.*

Similarly, in this case, the trial court did not grant Denen's motion to set aside, and because it did not grant that motion, Rule 74.03 could not be invoked to extend the trial court's authority to set aside the judgment six months from September 26, 2006.

Thus, the trial court lost authority over the case on October 26, 2006 and the September 26, 2006 judgments became final and could not be appealed after November 5, 2006.

■ Further, even if Denen's motion to set aside the judgment for prejudgment interest was "filed" before the trial court and even if the court had granted the motion, we would find the trial court erred in granting the motion because it was insufficient under Rule 74.03. It has been held that the failure to give notice as required by Rule 74.03 does not automatically require the trial court to set the judgment or order aside. *Herrin v. Straus*, 810 S.W.2d 593, 598 (Mo.App. S.D.1991). In order to have the judgment set aside under Rule 74.03, a plaintiff must demonstrate good cause and must make a showing of some prejudice. *Nandan v. Drummond*, 5 S.W.3d 552, 558 (Mo.App. W.D. 1999).

The motion to set aside in this case states, in its entirety, "COME NOW Defendants and moves that the Court set aside and hold for naught the Order and Judgment awarding [MM & L] prejudgment interest, which Order is dated September 26, 2006, awarding prejudgment interest in this case in the sum of $2,275.63."

In *Bowers*, the court found Bowers' motion, which stated he had not received a copy of the judgment and was unaware of its entry and was thereby prejudiced because the time to appeal the judgment had lapsed, set forth *prima facie* grounds for setting aside the judgment under Rule 74.03, and in order to deny that motion, the court would have to have found that the facts alleged in the motion were not credible. *Bowers*, 221 S.W.3d at 466.

Denen's motion does not give good cause or any cause for setting aside the judgment and it also does not allege that Denen will be prejudiced if the motion is not set aside. Further, the motion does not even mention Rule 74.03. Thus, Denen has failed to make a *prima facie* showing of why the judgment should be set aside "for good cause shown." Therefore, we find the motion to set aside was deficient and did not alter the fact that the judgment on the merits and the judgment awarding prejudgment interest became final on October 26, 2006.

■■ Because there were no post-trial motions filed between September 26, 2006 and October 26, 2006, the judgments became final and the trial court had no authority over the case after October 26, 2006. There was no notice of appeal filed within ten days of the case becoming final. Therefore, this appeal is untimely [3].

■ We next address the issue of our jurisdiction over this appeal in light of the Supreme Court's recent holding in *J.C.W. ex rel. Webb v. Wyciskalla*, 275 S.W.3d 249, 251 (Mo. banc 2009). In *Webb*, the

---

**3.** We note that notifying parties of orders and judgments in compliance with Rule 74.03 is critical to ensuring parties affected by adverse judgments are able to exercise their postjudgment options. Proper notification was not given in this case. However, a prevailing party has a right to a final judgment, and a trial court is not free to create its own remedy where a party affected by an adverse judgment fails to follow the proper procedures to set aside or appeal that judgment. Here, Denen had two clear options when she learned of the September 26, 2006 judgments: (1) to file a proper motion to set aside under Rule 74.03; or (2) to file a motion to file a late notice of appeal under Rule 81.07. Denen failed to exercise either of these options. We cannot ignore defects that deprive the trial court of jurisdiction to enter the judgment it rendered. *Bowers*, 221 S.W.3d at 466. A judgment is void from its inception if the court that rendered judgment did not have jurisdiction. *Id.*

Court noted the need to distinguish between questions involving a court's jurisdiction to decide the general issue before it and a court's authority to render a particular judgment in a particular case. *Id.* at 254. The Court noted jurisdiction is constitutionally defined by Article V, Section 14 of the Missouri Constitution, and cannot be altered by either the courts or the legislature. *Id.* However, a court's authority to render a particular judgment in a particular case may be limited by statute or otherwise, but this limitation does not affect the court's jurisdiction, but only its limited authority to act in the particular case at hand. *Id.*

We have jurisdiction over this appeal to confine the trial court to its jurisdiction. *In re Estate of Shaw*, 256 S.W.3d 72, 73–74 (Mo. banc 2008). As noted in *Shaw*, if this were not the case, an appellate court would not have the ability to adjudicate whether a judgment is invalid as a result of the trial court entering it when it did not have jurisdiction. *Id.* at 77. The effect of this would be to leave the invalid judgment intact. *Id.* The better practice is to make clear that the appellate court has jurisdiction of the appeal but that its jurisdiction does not extend to a determination of the appeal on its merits unless the trial court had jurisdiction to determine the issues presented on their merits. *Id.*

In this case, as in *Shaw*, the trial court purported to enter orders after it had lost the authority to do so. As such, those orders are invalid. While we have jurisdiction, we lack authority to hear the merits of this case because the appeal is untimely. *See Webb*, 275 S.W.3d at 251. Thus, we order the trial court to reinstate its September 26, 2006 judgments, which are now final, and to vacate its other orders entered thereafter.

Therefore, the September 26, 2006 judgments are the final judgments in this case, and the cause is remanded with directions to the trial court to vacate any orders entered after the September 26, 2006 judgments.

The costs of this appeal are assessed against Denen.

CLIFFORD H. AHRENS, J., and SHERRI B. SULLIVAN, J., concur.